300 So.2d 661 (1974)
Sharon Nolan HOPKINS, Respondent,
v.
Charles Lonnie HOPKINS, Relator.
No. 4684.
Court of Appeal of Louisiana, Third Circuit.
September 4, 1974.
Rehearing Denied October 10, 1974.
*662 Love, Rigby, Dehan & Love by Truly W. McDaniel, Shreveport, for defendant-relator.
Edward A. Kaplan, Alexandria, for plaintiff-respondent.
Before FRUGÉ, HOOD and WATSON, JJ.
WATSON, Judge.
Once again we are confronted with a question of venue relating to incidental demands in family litigation. This is a most troublesome area for our trial courts.
Respondent, Sharon Nolan Hopkins, obtained a judgment of separation against relator, Charles Lonnie Hopkins, in the First Judicial District Court, Caddo Parish, Louisiana on December 12, 1973. As part of the judgment the Caddo Parish Court awarded specific visitation rights to relator with the minor child. Lesleigh Cascile Hopkins, and ordered him to pay a certain amount of child support each month.
On April 17, 1974 respondent filed a Rule to Show Cause against relator in the Ninth Judicial District Court, Rapides Parish, Louisiana seeking an increase in the amount of child support and also an amendment to the visitation provisions.
The relator filed a declinatory exception to the jurisdiction and to the venue of the District Court of Rapides Parish. The exception was overruled and relator applied to this court for writs which we granted, being of the opinion that the interlocutory judgment may cause irreparable injury. LSA-C.C.P. art. 2083.
The trial court was of the opinion that, since the question of visitation is involved and visitation pertains to the best interests of the child, the case of Lucas v. Lucas, 195 So.2d 771 (La.App. 3 Cir. 1967); writ refused, 250 La. 539, 197 So.2d 81, was authority for overruling the exception to the venue both on support and visitation. We find this conclusion to be incorrect.
Initially, we note that the order for child support and visitation was entered as part of a separation judgment granted by the Caddo Parish Court. Thus, the litigation is still pending in Caddo Parish where further proceedings may be had at any time to change the separation judgment, or after the statutory period has elapsed, to consider the question of a final divorce.
The situation in the instant case is readily and easily distinguishable from Lucas v. Lucas, supra. First, in Lucas there was a final divorce. Second, in Lucas one party had moved to the parish where venue was sought and the other party had left the parish of original venue and was at the time of the litigation living in a foreign country. Third, Lucas concerned itself only with custody whereas the instant case involves the amount of child support and the question of visitation.
In view of the difficulty which the Lucas case seems to have caused, we want to make it clear that the decision in that case is limited to the narrow and peculiar facts involved. It is not authority for multiple venue in various facets of matrimonial litigation and should not be so construed.
We have no hesitancy in reaffirming the following rule: once the venue of the trial court has attached, it continues exclusively for the purpose of modifying the alimony or child support judgment. Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3 Cir. 1971); White v. White, 272 So.2d 469, (La.App. 3 Cir. 1972).
Likewise, the same rule applies to orders concerning custody and visitation. Only under exceptional circumstances as in Lucas should a district court other than the court of original jurisdiction undertake to change a custody order or its incidents.
The exception to venue filed by relator is sustained. All costs of these proceedings are taxed to the respondent.
Reversed and rendered.