336 So.2d 329 (1976)
Lydia A. DUPRE
v.
Lawrence PELOTTO, Sr.
No. 10773.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
*330 Walter Naquin, Jr., Thibodaux, for appellant.
Benjamin C. Vega, Jr., Donaldsonville, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Defendant (Appellant) appeals from judgment of the Twenty-third Judicial District Court, Ascension Parish, overruling his exception to venue, and awarding Plaintiff (Appellee) an increase in child support payments previously granted in a divorce action between these parties in Lafourche Parish. We reverse and dismiss plaintiff's action on the ground of improper venue.
The uncontroverted and admitted operative facts are as follows: The parties were formerly married and lived together in Lafourche Parish, their last matrimonial domicile. In 1964, an action of divorce was instituted between Appellant and Appellee in Lafourche Parish, wherein Appellant was ordered to pay Appellee alimony pendente lite in the sum of $90.00 monthly for the support of the minors Lawrence Pelotto, Jr., and Raymond Pelotto, issue of the marriage. On June 9, 1967, judgment of divorce was rendered in the Lafourche Parish suit, decreeing dissolution of the marital relationship between these parties, which decree made no award of permanent alimony for the children. Plaintiff is presently a resident and domiciliary of Lafourche Parish.
The trial court did not favor us with written reasons for judgment.
Relying upon Wright v. Wright, 189 La. 539, 179 So. 866; Colby v. Colby, 200 La. 321, 7 So.2d 924; Hopkins v. Hopkins, La. App., 300 So.2d 661; Caldwell v. Gilbert, La.App., 253 So.2d 639; and White v. White, La.App., 272 So.2d 469, Appellant contends Ascension Parish is not a court of proper venue because venue having attached in the Lafourche Parish divorce action between these parties, that court retained exclusive jurisdiction to modify or change all alimony, child support and custody judgments rendered therein.
Conversely, Appellee argues that the judgment of divorce terminated the judgment for child support pendente lite rendered in the divorce action. In support of this position Appellee cites and relies upon Kennedy v. Kennedy, La.App., 261 So.2d 657 and Manuel v. Broderson, La.App., 298 So.2d 333. Appellee also contends, on authority of Vetter v. Vetter, La.App., 299 So.2d 899, that after judgment of divorce the party granted custody of minors cannot pursue child custody and support issues in the concluded divorce action. Next, Appellee *331 suggests that Hopkins v. Hopkins, above does not support Appellant's views but that said authority stands only for the proposition that the exclusive jurisdiction retained by the court having rendered a judgment for alimony, custody, or child support, pertains only to the function of modifying previously granted judgments. In this regard Appellee maintains that her present action is not one to modify an award because the divorce judgment terminated the temporary support granted in Lafourche Parish, but rather the instant suit is to establish the right to an amount of support due.
Virtually conceding that Wright, Hopkins and Caldwell, above, stand for the proposition advanced by Appellant, Appellee seeks to distinguish those authorities by pointing out each involved an instance wherein an action was pending, as in Hopkins, above, or the court was modifying a prior child support award granted incident to divorce, neither of which circumstances exist herein.
Our review of the authorities reveal some confusion in this area as well as some seeming conflict. Nevertheless we find that Wright, Colby, Hopkins, and White, above, establish the rule that a court which renders judgment for alimony, custody or child support incident to an action for divorce, retains exclusive jurisdiction for the purpose of modifying such a decree.
However, we find the instant case does not fall within the ambit of the rule of Wright and the other cited authorities, above, because the Lafourche Parish divorce judgment terminated the order of pendente lite child support issued therein. Kennedy v. Kennedy, above; Manuel v. Broderson, above. Since the Lafourche Parish decree did not award permanent alimony for the support of the minors involved herein, there is no decree of that court to be modified or altered. That Appellant continued to voluntarily pay the amount ordered to be paid pendente lite is a matter of no moment. Following the finality of the divorce, which has long since occurred, Appellant was not under judicial compulsion to make support payments to his children notwithstanding his moral obligation in this respect. His voluntary payments do not give Appellee legal ground for modification of Appellant's spontaneous contributions. Since the judgment of divorce, Appellant has only the right to judicial determination of the amount of child support due, which decision must be made by a court of competent jurisdiction and venue.
Under the circumstances obtaining herein, we are of the view that the general rules of venue apply to a situation of this nature.
La.Code Civ.Pro. Art. 42, which sets forth the general rules of venue, pertinently provides:
"Art. 42. General rules
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile."
Numerous exceptions to the general rules provided in Article 42, above, are provided in La.Code Civ.Pro. Arts. 71 through 83, as well as certain other articles of the Code of Civil Procedure, including, particularly Article 3941, which states:
"Art. 3941. An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in the parish where either party is domiciled, or in the parish of the last matrimonial domicile."
Our jurisprudence is well established to the effect that statutes, which provide exceptions to the general rule of venue that an action against an individual must be brought in the parish of the defendant's domicile, are in derogation of common rights and therefore must be strictly construed and applied only to cases falling clearly within their provisions. Richardson v. Moore, La.App., 304 So.2d 425; Anglade v. Hemenway Furniture Company, La.App., 151 So.2d 164.
We find Article 3941 above, inapplicable in this instance because the present action is not one for annulment of marriage, *332 separation from bed and board or divorce. We are here concerned with a suit by a divorced wife to initially establish the amount of child support due by the husband subsequent to the dissolution of the marriage. Our research discloses no statutory provision allowing an action of this nature to be brought against an individual in any parish other than that of the defendant's domicile. We also find, for the reasons above stated, no jurisprudence which allows an action of this nature to be brought in any parish other than the defendant's domicile.
We conclude, therefore, that the trial court erred in finding Ascension Parish a proper venue for the bringing of this action and in overruling Appellant's exception of venue in this instance.
It is ordered, adjudged and decreed that the judgment of the trial court overruling Appellant's exception to the venue be and the same is hereby annulled, reversed and set aside and judgment rendered herein sustaining Appellant's exception to the venue and dismissing plaintiff's action for lack of proper venue, all costs of these proceedings to be paid by plaintiff Lydia A. Dupre.
Reversed and rendered.