BAILES, Judge.
Appellant-mother appeals the judgment of the court a quo reducing the monthly payments due by the father from $300 to $250 per month, for the support of the parties’ six and eight year old children.
We find there is neither a diminution in earnings of the father nor an increase in needs of the children. On our finding no change in circumstances, we reverse.
At the time the parties were divorced on July 20,1976, the trial court awarded appellant the sum of $300 for the support of the two children. Then the appellee father was earning slightly less than he was at the time the rule for reduction was filed.
Appellant answered the rule and is seeking an increase of support to $500 per month. The trial court denied this increase and granted a reduction of $50 per month.
At some time after the divorce the appel-lee married and at the time of the hearing on the rule was supporting a wife and an eighteen month old daughter. Four months before the rule was heard this wife resigned employment which paid her $13,000 annually in order to remain at home with the young daughter. Appellee testified his present earnings are about $17,000 annually with certain fringe benefits. At the time of the divorce from appellant his earnings were about $14,000 annually.
We recognize, as stated in Lopez v. Lopez, 264 So.2d 354 (La.App. 4th Cir. 1972) that a child born to a remarried father may be properly considered a change of circumstances, however, this is not urged as a change of circumstances to justify a reduction in a child support award by the appel-lee herein. The ground urged and which the appellee argues herein is that there has been a decrease in his net disposable income as a result of an Internal Revenue Service audit of his 1976-1977 federal income tax return in which it found that he was not *231 contributing one-half of the support of the two children of his first marriage. Further, he argues that where a party has suffered a change in income the trial court is justified in reducing the child support payment, citing Colby v. Colby, 200 La. 321, 7 So.2d 924 (La.1942).
We find no factual basis that appel-lee had a reduction in net disposable income. As noted above, at the time the amount of child support was initially fixed at $300 per month appellee was earning approximately $14,000 annually and at the time the rule for reduction was tried, appel-lee was earning $17,000 annually, plus certain fringe benefits.
The appellant is employed and contributes to the support of the two children. IRS has determined that appellant furnishes more than one-half of the two children’s living expenses.
See Ducote v. Ducote, 339 So.2d 835 (La.1976); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Prados v. Prados, 341 So.2d 1286 (La.App. 3rd Cir. 1976); and Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir. 1976).
The record shows that appellant has remarried and that her husband has children by a prior marriage to support. The earnings of the appellee have not increased to such extent as to warrant an increase in the award.
For the foregoing reasons, the judgment of the trial court reducing the support award by $50 per month is reversed and the monthly support due by appellee is reinstated and maintained at $300 per month.
All court costs in both the trial court and this court are to be paid by appellee.
REVERSED.