388 So.2d 428 (1980)
Obie Glen SIMS, Plaintiff-Appellee,
v.
Nora Roberts SIMS, Defendant-Appellant.
No. 14197.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
Rehearing Denied September 29, 1980.
*429 J. P. Mauffray, Jr., Jena, for defendant-appellant.
Charles W. Robinson, West Monroe, for plaintiff-appellee.
Before PRICE, MARVIN and FRED W. JONES, JJ.
En Banc. Rehearing Denied September 29, 1980.
MARVIN, Judge.
This appeal presents what has been called a most troublesome,[1] confusing, and conflicting[2] *430 issue of the venue of a change-of-custody action between divorced parents.
Venue in this action might lie in any of three parishes, (1), the parish where custody was awarded the mother as an incident of the divorce, (2), the parish where the mother is domiciled when the change-of-custody action is brought, and, (3), the parish where the child is present.
Here the father's action was brought in parish (3) where the child resided with him. The trial court overruled the mother's exception of improper venue, citing Lucas v. Lucas, 195 So.2d 771 (La.App.3d Cir. 1966), writ refused, 250 La. 539, 197 So.2d 81 (1967), and changed the custody to the father. We do not interpret Lucas as did the trial court and we do not reach the merits. We reverse the trial court and sustain the exception of improper venue.
Venue has been called troublesome because the issue has sometimes been resolved in terms of jurisdiction. In Lucas, the divorced father brought a change-of-custody action in parish (3). The mother contended, and on original hearing the court of appeal agreed, that the exclusive jurisdiction was in parish (1). On rehearing, the court of appeal determined that venue in parish (1) was not "exclusive" and that venue in parish (3) was also proper because the mother was domiciled in Mexico and the children were present in parish (3), citing CCP 10(5), a jurisdictional article. The Supreme Court denied writs, but on the express grounds that the mother had waived her exception of improper venue by filing it with other exceptions. In Hopkins, cited in footnote 1, Lucas was distinguished on its facts. In Dupre, cited in footnote 2, Lucas was not mentioned. Dupre stated:
"... [W]e find that [the cases of] Wright, Colby, Hopkins, and White, [cited] above, establish the rule that a court which renders judgment for alimony, custody or child support incident to an action for divorce, retains exclusive jurisdiction for the purpose of modifying such a decree." 336 So.2d 329. Our emphasis and bracketed material.
An earlier pronouncement by the Supreme Court stated:
"A judgment granting to either parent the care and custody of his or her minor child ... in a decree of divorce is not irrevocable. It is subject to modification at any time when a change of conditions demands it. * * * The court that has jurisdiction to determine the extent to which a judgment shall be executed, or to modify it, in so far as it is only executory and not irrevocable, when the judgment has become otherwise final, is the court that rendered the judgment." Pullen v. Pullen, 161 La. 721, 109 So. 400, 401-402 (1926) Citations omitted, emphasis supplied.
Jurisdiction is a separate and distinct legal concept from venue. Compare Chaps. 1 and 2, Title 1, Book 1, La. CCP. Jurisdiction is concerned with the power and authority of a court, either over the subject matter of a particular action, or over the person of a particular defendant. Subject matter jurisdiction is not waiveable. CCP 1, 2, and 3. Jurisdiction over the person may be waived, but this jurisdiction is oriented to constitutional due process and not to venue. CCP 6. Odom v. Odom, 345 So.2d 1154 (La.1977). See also Ahlers v. Ahlers, 384 So.2d 474 (La.App.2d Cir. 1980) where we considered the Louisiana long arm statute and collaterally discussed venue in jurisdictional terms a la Dupre.
Venue is not concerned with the power and authority of a court, but with the parish where an action may be brought. CCP 41. Generally the venue rules emphasize that any action against an individual defendant shall (should) be brought in the parish of that defendant's domicile. CCP 42. See also CCP 123. Some actions, including the habeas corpus custody action, may be brought in either of two or more *431 parishes at the option of the plaintiff. See CCP 3822. See also CCP 44, 45, and those actions governed by CCP 71-77. While all of the venue rules following CCP 42, are labeled as exceptions, the venue rules in CCP 71-77 perhaps more correctly provide "additional" or optional venue, allowing a plaintiff the option of bringing suit in one of several parishes. See Richardson v. Moore, 304 So.2d 425 (La.App.1st Cir. 1973), Green v. Engolio, 257 So.2d 831 (La.App.1st Cir. 1972).
The venue rules in CCP 78-83 are considered differently from the venue rules in CCP 71-77. CCP Arts. 78-83 exclusively govern venue if that venue conflicts with general venue (CCP 42) or with the additional venue provided in CCP 71-77. CCP 45 provides:
"The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
"(1) Article 78, 79, 80, 81, 82, or 83 governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77;
"(2) If there is a conflict between two or more Articles 78 through 83, the plaintiff may bring the action in any venue provided by any applicable article; and
"(3) If Article 78, 79, 80, 81, 82, or 83 is not applicable, and there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article."
The venue of the actions provided in CCP 78-83 smacks of preference. For instance, CCP 82 provides that an action to partition community property, either as an incident of the action which would result in dissolution of the community, or as a separate action, "... shall be brought ... in the parish where the judgment dissolving the community was rendered [and] may be brought in the parish where any immovable property [of the community] is situated." See also CCP 83. This venue, in the parish where the principal action was brought is preferred [shall be brought], although venue in another parish where immovable property is situated is permissible [may be brought]. The CCP 45 issue of whether CCP 82 conflicts with CCP 42 is not considered in our discussion of these articles to illustrate the approach of the Code to venue problems. If such a conflict exists, CCP 82 "... governs the venue exclusively." CCP 45(2). CCP 123 adopts the forum non conveniens doctrine in Louisiana.
While a special rule of non-waiveable venue is provided for separation and divorce actions by CCP 3941, the Code does not provide a special rule for the venue of the incidents of separation or divorce. Change-of-custody venue is waiveable. CCP 44, Lucas, supra. Legislative intent relating to venue, however, is discernable from the rules which are provided generally, and in other cases, specially, as we have attempted to illustrate.
A custody dispute between the mother and father of a child is an incident of separation or divorce. Dupre, supra. The subject matter of the action to change custody is the child. In an action by a father against a mother to change legal custody, the proper party defendant is, of course, the mother. Any rule in derogation of the general policy that an action against an individual should be brought in the parish of that individual's domicile is strictly construed. Dupre, supra. Optional venue is permissible in some actions. CCP 71-77. See also CCP 3822. Preferred venue is provided for other actions. CCP 78-83. The objection to a venue, otherwise proper, by means of the declinatory exception of improper venue, may be waived in some, but not all, actions. CCP 44, 121, and Comments following. Lucas, supra.
Giving effect to these approaches, and attempting to avoid derogation of the general venue of CCP 42, we discern this policy:
The change-of-custody action as an incident of a divorce action, pending the divorce judgment, should be brought in the parish where the divorce is pending. This is incident-preferred venue, preferred *432 over venue which otherwise would be proper.[3]
After a divorce is rendered, additional or optional venue is provided. The change-of-custody action after divorce should be brought at the option of the plaintiff, either as an incident action in the parish where the divorce was rendered, or as a separate action in the parish of the defendant's domicile. This venue, even though optional, is preferred over venue which otherwise would be proper. Compare CCP 3822.
After divorce, the change-of-custody action may be brought as a separate action in any parish where the child is situated (to adopt CCP 82-83 language), but this venue, if not waived by the defendant, is vulnerable to the declinatory exception of improper venue, and is the least preferred venue.
We hold that the mother's exception of improper venue is well founded. We reverse the trial court and sustain the exception. Because the father has the option to bring a new action, either in parish (1) or in parish (2), we dismiss the father's change-of-custody action in parish (3) as of non-suit, but at his cost.[4] CCP 932.
REVERSED AND RENDERED.
NOTES
[1] Hopkins v. Hopkins, 300 So.2d 661, 662 (La.App.3d Cir. 1974): "Once again we are confronted with a question of venue relating to incidental demands in family litigation. This is a most troublesome area for our trial courts."
[2] Dupre v. Pelotto, 336 So.2d 329, 331 (La.App.1st Cir. 1976): "Our review of the authorities reveal some confusion in this area as well as some seeming conflict."
[3] We do not address the issue of whether incident-preferred venue is non-waiveable as the CCP provides in separation and divorce actions. CCP 3941. Such a provision elevates "non-waiveable venue" to jurisdictional status. In some instances a separation is obtained without either party intending a divorce. A change-of-custody action in the parish of the separated mother's domicile brought years after the separation judgment perhaps would be the most convenient forum. See Lucas v. Lucas, 195 So.2d 779, 780 (La.App.3d Cir. 1966). See CCP 123.
[4] The mother's exception to subject matter jurisdiction is without merit because this venue is not jurisdictional. We also consider that the mother's voluntary surrender of the "custody" of the child to the maternal grandmother is of no legal consequence when it is shown that this "custody" was conferred as a convenience to the mother when she entered military service, and because the maternal grandmother asserts no custodial claims to the child, even though she was made a party to the action. See and compare Languirand v. Languirand, 350 So.2d 973 (La.App.2d Cir. 1977), CCP 157, and Burt v. McKee, 384 So.2d 489 (La.App.2d Cir. 1980).