402 So.2d 718 (1981)
Robert Dale WASSON
v.
Varel Lee WASSON.
No. 14208.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
James Durbin, Denham Springs, for plaintiff-appellee Robert Dale Wasson.
Kenneth Riche, Baton Rouge, for defendant-appellant Varel Lee Wasson.
*719 Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The issues presented are whether child support, incidental to an action for divorce, was considered in a court of proper venue, and if venue was proper, whether error was committed in setting the amount thereof.
Varel Lee Wasson filed suit in The Family Court for the Parish of East Baton Rouge for a separation from bed and board from her husband, Robert Dale Wasson, and for child support for the two children of the marriage. A judgment of separation was granted in her favor on May 16, 1979, along with child support in the sum of $800 per month. This judgment was modified on December 17, 1979 to provide for child support of $600 per month and alimony pendente lite of $400 per month. Mr. Wasson was further ordered to pay all essential medical, dental, and pharmaceutical expenses not covered by insurance, with the exception of psychiatric expenses incurred.
On January 3, 1980 Mr. Wasson filed the instant divorce action in the 21st Judicial District Court, to which Mrs. Wasson urged a "declinatory exception of lack of jurisdiction."[1] The trial court overruled the exception, and Mrs. Wasson applied for supervisory writs to this court. Initially, we issued an alternative writ, ordering the district court to dismiss the petition as to custody, visitation rights and child support. However, after reviewing the record we determined the writ had been improvidently issued and, for written reasons assigned, recalled the writ and remanded the case to the trial court for further proceedings. Wasson v. Wasson, No. 13,586 (La.App. 1st Cir., June 9, 1980), attached hereto as an appendix. Judgment was rendered in the trial court in this matter on August 26, 1980, granting the prayer for divorce and setting the amounts of permanent alimony and child support at $200 and $400 per month, respectively. It is from this judgment that Mrs. Wasson appeals.
Mrs. Wasson first contends the trial court erred in considering the issue of child support in the divorce action filed in the 21st Judicial District Court, since the East Baton Rouge Parish Family Court had previously ruled on the issue. This contention is the same as that urged by her declinatory exception and, as noted above, was addressed by us in recalling the alternative writ.
The question of venue relating to incidental demands in family litigation is, as expressed by the author in Hopkins v. Hopkins, 300 So.2d 661 (La.App. 3d Cir. 1974), "a most troublesome area for our trial courts." A review of relevant jurisprudence leaves little doubt that it is also a most troublesome area for our appellate courts. We recognize the hardship which exists where the custodial parent is forced to journey to another parish to again litigate the issues of child support, custody and visitation. And, as pointed out by counsel for appellant, it is inequitable to allow a disgruntled husband, bound by what he feels is a high child support award, to move across the state to what he considers a friendly forum and compel the wife to undergo legal expenses and time consumption in relitigating the issue. However, we find the state of the law to be, within the factual context of the instant case, that such situations are sanctioned. This problem addresses itself to the legislature for resolution.[2]
After the legal separation, Mr. Wasson established a domicile in Livingston Parish. Therefore, under La. Code Civ.P. art. 3941, he had the right to seek a final divorce in that venue. A judgment decreeing a divorce between the spouses, with its attending finality and conclusiveness, generally abates all judgments of separation from bed and board, including all attendant incidents. Thornton v. Floyd, 229 La. 237, *720 85 So.2d 499 (1956).[3] It follows, therefore, that if those matters incident to a dissolution of the marriage, such as child support, had not been litigated in Livingston Parish, Mrs. Wasson would have found herself without the incidental benefits afforded in the judgment of separation rendered by the East Baton Rouge Parish forum.
Mrs. Wasson relies upon Hopkins v. Hopkins, supra, to validate her contention the trial court erred in considering the issue of child support in the divorce action in Livingston Parish. Hopkins held:
"We have no hesitancy in reaffirming the following rule: once the venue of the trial court has attached, it continues exclusively for the purpose of modifying the alimony or child support judgment." [Citations omitted.]
At first blush the quoted language puts to rest our concern over venue. A deductive analysis, however, leaves us with no precedent for the facts of this case. In Hopkins, there was no subsequent divorce action which would terminate the separation decree and its incidents. Following a judgment by the First Judicial District Court, Caddo Parish, decreeing a separation, child support, and visitation privileges, the wife sought from the Ninth Judicial District Court, Rapides Parish, an increase in the amount of child support and also an amendment to the visitation provisions. Reversing the trial court, the Third Circuit sustained the objection to venue filed in Rapides Parish. This was proper as the venue of the initial separation litigation extended to any action seeking modification of its incidental awards. Here the subsequent divorce litigation tolled the death of the separation decree and its incidental components. The resulting necessity for new decrees are, under Thornton, supra, understandable.
We deny Hopkins as authority for Mrs. Wasson's contention and reaffirm our position on the prior writ application. The geographical domain of the 21st Judicial District Court is proper venue for consideration of child support. To hold otherwise would, at the very least, disrupt the continuity of child support payments and relegate the custodial parent to another action following finality of the divorce decree. (We pretermit a discussion of the possible forums in which such a subsequent action might be brought.) Granting of the divorce herein, while technically appealed, is not actually contested and is properly affirmed on the evidence adduced.
Mrs. Wasson also contends the trial judge erred in reducing the award for child support. We believe there was error in this respect.
When the court awards less alimony after divorce than was awarded pendente lite, it is not "adjusting" a prior alimony award but is, instead, making a new award based on completely different considerations. Under Civil Code article 160, permanent alimony is in the nature of a pension. Alimony pendente lite, however, in article 148, is based on the husband's obligation to support his wife during marriage. Vanier v. Vanier, 344 So.2d 1077 (La.App. 3d Cir. 1977). Child support is a different matter, however. The husband's obligation to support the children of the marriage is the same before divorce as it is after divorce. Thus, the husband must show a change in circumstances to justify a reduction in child support payments. Dugas v. Dugas, 374 So.2d 1278 (La.App. 3d Cir. 1979); Vanier v. Vanier, supra.[4]
*721 Mr. Wasson did not introduce any evidence which indicated the sort of change which would justify a reduction in child support. On the contrary, there is evidence in the record his gross income increased, $7,000 per year since he and his wife separated. The trial court awarded Mrs. Wasson the monthly sum of $400 for child support. (The sums being paid by the husband for medically related expenses of the children were eliminated.) This award, we find is a significant reduction in child support for which no change in circumstances was shown in the record. Constantine v. Constantine, 372 So.2d 229 (La.App. 1st Cir. 1979).
For the reasons assigned, the judgment of the trial court is amended only insofar as it deals with child support, increasing the amount of the child support award to $600 per month and further ordering Mr. Wasson to pay all essential medical, dental, and pharmaceutical bills (not covered by insurance) for his children, with the exception of psychiatric expenses incurred. In all other respects the judgment is affirmed. All costs are to be paid by appellee.
AMENDED AND, AS AMENDED, AFFIRMED.

APPENDIX
ROBERT DALE WASSON NO.13,586
 COURT OF APPEAL
 V. FIRST CIRCUIT
VAREL LEE WASSON STATE OF LOUISIANA
ON WRIT OF CERTIORARI TO THE TWENTY-FIRST JUDICIAL DISTRICT COURT, PARISH OF LIVINGSTON, HONORABLE SAMUEL T. ROWE, JUDGE
PER CURIAM.
Judgment was rendered in the Family Court for East Baton Rouge Parish on May 16, 1979, granting unto Mrs. Varel Lee Wasson a separation from bed and board from Robert Dale Wasson. The judgment further fixed custody and child support.
This suit was filed on January 3, 1980 in the 21st Judicial District Court for Livingston Parish by Mr. Wasson, seeking a divorce on the grounds of living separate and apart for one year subsequent to October 30, 1978. The suit also prays that Mrs. Wasson be granted custody of the children, but no mention is made of child support.
To the petition, Mrs. Wasson filed a declinatory exception of lack of jurisdiction, alleging the judgment of the Family Court to be dispositive of the issues of custody, alimony pendente lite and child support, and praying that the 21st Judicial District Court decline jurisdiction over those matters.
After a hearing, the exception was overruled, and Mrs. Wasson applied to this court for a writ of certiorari. This court issued an alternative writ, ordering the district judge to dismiss the petition as to custody, visitation rights and child support, or to show cause why the writ should not be made peremptory. Both the trial judge and Mr. Wasson elected to respond to the writ.
We now find the writ to have been improvidently issued. The Livingston Parish Court is certainly one of proper venue, since Mr. Wasson is domiciled there and separation and divorce actions may be brought in the parish of the domicile of either spouse. Article 3941, Code of Civil Procedure. There is also jurisdiction over Mrs. Wasson personally, since personal service was made on her, and over the status of the parties, since both are Louisiana domiciliaries and the grounds alleged for the divorce occurred in this state. Articles 6 and 10, Code of Civil Procedure; Smith v. Smith, 179 So.2d 433 (La.App. 3rd Cir. 1965).
The Family Court judgment fixed custody and child support pendente lite. The Livingston Parish suit seeks to adjudicate these matters as a consequence of a final divorce. A judgment of divorce has the effect of terminating all prior orders relative to matters incident to the proceeding, such as custody and child support. It is therefore proper that these matters be considered by that court, so that proper provision *722 can be made relative thereto. Smith v. Smith, supra.
The alternative writ heretofore issued is therefore recalled, and the case remanded to the trial court for further proceedings in accordance with law. Mrs. Wasson shall pay all costs of this writ application and all other costs shall await final determination hereof on its merits.
WRIT RECALLED.
NOTES
[1] The exception properly raises the objection of improper venue. La.Code Civ.P. art. 925.
[2] A special rule for the venue of the incidents of separation or divorce is needed. See, Sims v. Sims, 388 So.2d 428, 431 (La.App.2d Cir. 1980).
[3] We adhere to Thornton, as have many intermediate appellate decisions, but disagree with its application to rights affecting children of the marriage. A better result obtains if the separation decree remains viable as to those rights. See, concurring opinion in Adoption of Rapp, 348 So.2d 107 (La.App. 4th Cir. 1977).
[4] It has been held the parent with custody bears no burden to show a change of circumstances when seeking an increased award for child support in a divorce action, following an earlier award incidental to separation litigation. Vanier v. Vanier, supra; Morrison v. Morrison, 316 So.2d 453 (La.App. 3d Cir. 1975), writ denied, 322 So.2d 772; Manuel v. Broderson, 298 So.2d 333 (La.App. 3d Cir. 1974). Arguably, the same rule should apply when the non-custodial parent seeks a reduction in the child support previously awarded. We believe, however, societal interests favor maintaining this jurisprudential distinction.