432 So.2d 1010 (1983)
Bruce Allan PARKER
v.
Georgia Cole PARKER.
No. 82 CA 0944.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*1011 Richard E. Burton, Baton Rouge, for plaintiff-appellant Bruce A. Parker.
Joseph B. Olinde, Jr., Baton Rouge, for defendant-appellant Georgia Cole Parker.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
In this suit for child custody, the plaintiff appeals from a judgment of the family court of East Baton Rouge Parish which granted an exception of improper venue filed by the defendant, and which dismissed the plaintiff's rule for change of custody. We affirm the dismissal of the plaintiff's action on the ground of improper venue.
The record shows that Bruce and Georgia Parker, plaintiff and defendant, respectively, were legally separated in Bienville Parish on November 21, 1980. Mr. Parker obtained a judgment by default against Mrs. Parker, who failed to answer the petition. In the Judgment of Separation, Mrs. Parker was granted care, custody and control of the two minor children born of the marriage, subject to specific visitation rights accorded to Mr. Parker.
On January 13, 1982, Mr. Parker was granted a final judgment of divorce in East Baton Rouge Parish, where he had been domiciled since October, 1980. In the judgment of divorce the provisions of the judgment of separation in regard to custody were repeated, with the exception of a few minor changes requested in the defendant's petition, which concerned the plaintiff's visitation rights.
On July 1, 1982, Mr. Parker filed a rule in East Baton Rouge Parish for change of custody. Mrs. Parker filed an exception of improper venue which asserted that the parish of proper venue was Bienville Parish, where Mrs. Parker and the children were domiciled. The trial judge sustained the exception, from which ruling the plaintiff appeals.
The Louisiana Code of Civil Procedure arts. 71 through 83, as well as certain other articles therein provide exceptions to the general rule of venue that an action against an individual must be brought in the parish of the defendant's domicile. Although the Code of Civil Procedure has special venue provisions in the case of a tutorship or habeas corpus proceeding where custody is often an issue,[1] no provision in the Code of Civil Procedure exists which specifically governs venue in child custody and support cases arising out of the separation or divorce of the parents. However, from the many confusing and conflicting decisions in the jurisprudence of this state, one basic jurisprudential rule emerged, that the court of proper venue in child custody and support cases was the court in which a final decree of divorce was granted, when that decree also made an award of custody or support. Sims v. Sims, 388 So.2d 428 (La. App. 2d Cir.1980), writ denied 394 So.2d 612 (La.1980); Dupre v. Pelotto, 336 So.2d 329 (La.App. 1st Cir.1975); Hopkins v. Hopkins, 300 So.2d 661 (La.App. 3d Cir.1974); Caldwell v. Gilbert, 253 So.2d 639 (La.App. 3d Cir.1971). This rule developed as a result of the generally accepted principle that issues of child custody and support were incidental to an action for separation or divorce.
Recently, in Lewis v. Lewis, 404 So.2d 1230 (La.1981), the Supreme Court held that an action for child support is not incidental to an action for separation or divorce. In Lewis, the wife was granted a separation, custody of her children, child support and alimony pendente lite in Rapides Parish, *1012 Louisiana. The husband subsequently moved to Texas where he filed for and was granted an absolute divorce, which also reduced the amount of child support, but was silent as to alimony. When the husband ceased paying alimony and reduced his child support payments to the amount awarded in the Texas judgment, the wife filed a rule against the husband to make executory past due alimony and child support under the pendente lite judgment. The husband filed a plea of abatement, contending that the Texas decree terminated the award of alimony and child support made by the Louisiana court. The trial court granted the plaintiff judgment for the arrears. The court of appeal reversed the trial court, and held that the Louisiana awards of alimony and child support were dissolved by the Texas decree. The Louisiana Supreme Court then reversed the holding of the court of appeal. In so doing the court held with regard to the issue of child support the following:
"Accordingly, the judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree which terminates with the dissolution of the marriage. If it is customary to deal with this matter in the same suit as that of divorce or separation, it is nevertheless true that it cannot be identified with the subject matter of the divorce or separation suit or be considered incidental to it."

Lewis v. Lewis, 404 So.2d 1230, at 1234 (La.1981)
Logically, it would follow that this would also apply to an action for custody. And, this is in fact what the Fourth Circuit Court of Appeal held in Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir.1981), that the holding in Lewis should be applied to an action for child custody as well as an action for support.
Therefore, the former jurisprudential exception to the general rule of venue in child custody and support cases now appears no longer to exist. Our interpretation of the holding in Lewis, supra is compatible with the law on venue, for it is well established that the exceptions to the general rules of venue are in derogation of common rights, and therefore must be strictly construed and applied only to cases falling clearly within their provisions. Dupre v. Pelotto, supra; Richardson v. Moore, 304 So.2d 425 (La.App. 1st Cir.1973); Sims v. Sims, supra. In the absence of any specific legislative provisions which would apply to venue in child custody cases, we must apply the general rules of venue. Therefore, in light of the foregoing, the parish of proper venue in this action is the parish of the defendant's domicile, Bienville Parish.
The judgment of the trial court is affirmed in all respects. Plaintiff-appellant to pay all costs at trial and on appeal.
AFFIRMED.
NOTES
[1] LSA-C.C.P. arts. 3822, 4031-4034.