475 So.2d 400 (1985)
Rhonda Nunez FOURNIER
v.
David V. FOURNIER.
No. 85-CA-0168.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Rehearing Denied September 11, 1985.
Writ Denied November 8, 1985.
Keith M. Whipple, Houma, for plaintiff and appelleeRhonda Nunez Fournier.
Johnny X. Allemand, Thibidaux, for defendant and appellantDavid V. Fournier.
*401 Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
From a divorce judgment granting permanent custody of the couple's minor child to plaintiff and ordering defendant to pay child support, defendant appeals. We affirm.
Mr. and Mrs. Fournier were legally separated by a judgment rendered by the seventeenth judicial district court in Lafourche Parish. Mrs. Fournier received custody of the child, and Mr. Fournier was ordered to pay $150 per month child support. Mrs. Fournier subsequently filed this suit in Terrebonne Parish, seeking a divorce, the permanent custody of the minor child, and child support.
The trial court overruled defendant's exceptions of improper venue, lis pendens, and res judicata, and ruled in favor of plaintiff on the merits. Defendant's appeal addresses only the overruling of his exceptions.
Defendant contends that venue for the custody and child support matters is improper in Terrebonne Parish, arguing that the Lafourche Parish court which rendered the judgment awarding custody and child support in the separation suit has exclusive venue of the matter.
Prior to the enactment of article 74.2 of the Code of Civil Procedure, this might have been the case. Until then there was no specific provision for venue in custody matters, and although confusion abounded in this area, there was at least some authority for defendant's claim. Hopkins v. Hopkins, 300 So.2d 661, 662 (La.App. 3d Cir.1974), held that the court rendering the initial custody decree in a separation judgment retained exclusive venue to modify that judgment.
Prior to 1981, courts treated custody and support matters as incidents of separation and divorce actions, with venue determined accordingly. Parker v. Parker, 432 So.2d 1010, 1011 (La.App. 1st Cir.1983). But this jurisprudential rule was abolished when the supreme court held that an action for child support was not incidential to a separation or divorce action. Lewis v. Lewis, 404 So.2d 1230, 1234 (La.1981). Shortly thereafter, the Lewis rule was applied to child custody cases. See Howard v. Howard, 409 So.2d 279, 281 (La.App. 4th Cir.1981). This court subsequently held that in light of Lewis and Howard, the general rules of venue, LSA-C.C.P. art. 42, applied. Parker v. Parker, 432 So.2d at 1012.
In 1983, however, the legislature enacted a special venue rule for custody cases:
A. A proceeding to obtain the legal custody of a minor may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the original custody decree was rendered....
LSA-C.C.P. art. 74.2.
The trial court reasoned correctly that Mrs. Fournier's divorce suit was a proceeding to "obtain the legal custody of a minor," and was therefore in the proper venue in Terrebonne Parish, since Mrs. Fournier was domiciled in Terrebonne Parish. Defendant argues that this case fits neither subsection A nor B of article 74.2, because Mrs. Fournier, who already had custody and child support from the separation judgment, was neither seeking to "obtain" nor "change" custody.
We agree with the trial judge that custody and child support pendente lite and permanent custody and child support are two different things, and consequently that Mrs. Fournier did bring a proceeding to "obtain" permanent custody. It follows then, according to article 74.2 A, that venue is proper in the parish of Mrs. Fournier's domicile, which is Terrebonne Parish.
Although there is no specific rule on venue for child support, defendant suggests, and we agree, that it is reasonable to follow the venue rules for custody, since custody and support are so closely related. *402 Accordingly, the court was correct in overruling the exception of improper venue.
The trial court was also correct in overruling defendant's exceptions of lis pendens and res judicata. The separation suit in Lafourche Parish has come to an end; it is no longer pending. Moreover, a judgment of child custody or child support is always subject to modification when the best interests of the child so dictate. LSA-C.C. art. 157; Messner v. Messner, 240 La. 252, 122 So.2d 90, 96 (1960).
For the foregoing reasons, the judgment of the trial court is affirmed at defendant/appellant's cost.
AFFIRMED.