STOKER, Judge.
The defendant, Rodney Lafleur, has appealed the judgment of the trial court ordering him to pay child support arrearages in the amount of $23,600 with legal interest on each support payment from the date it became due until paid, plus attorney’s fees. The trial court additionally found the defendant to be in contempt for failing to pay the court-ordered support, but imposed no sanctions. The trial court also overruled an exception made in open court by defendant excepting to the court’s jurisdiction to hear these matters. We affirm the judgment of the trial court.
FACTS
The plaintiff, Glenda Lafleur (now Gary), and the defendant were married on September 7, 1970 in St. Landry Parish and thereafter established a matrimonial domicile in Plaquemines Parish. Three children were bora of the marriage. Sometime in January of 1981, the Lafleurs separated and Mrs. Lafleur moved to St. Landry Parish. A suit for separation from bed and board was filed in the Twenty-fourth Judi-mal District Court for the Parish of Plaque-mines and a judgment of separation was rendered. That judgment awarded custody of the three minor children to Mrs. Lafleur and the defendant was ordered to pay $666.67 per month, per child, for the support and maintenance of the children.
On April 6, 1983 a petition for divorce was filed by Mrs. Lafleur in the Twenty-seventh Judicial District Court for the Parish of St. Landry. Mrs. Lafleur’s suit was based on more than one year having elapsed since the rendition of the judgment of separation. Judgment by default was rendered against the defendant on May 3, 1983 granting the divorce, awarding permanent custody of the minor children to the plaintiff, and ordering the defendant to pay the sum of $666.67 per month, per child, as support.
On October 28, 1983, subsequent to the filing of a Rule for Past Due Child Support and Contempt, the defendant was ordered to pay $9,482 past due child support and attorney’s fees of $250. Another rule was filed on December 14, 1983, but the sheriff was unable to serve the defendant. During that same month the defendant informed Mrs. Lafleur that he could no longer pay the $2,000 ordered by the court and would send her $600 instead. Defendant paid $600 that month, for all of 1984 and for January and February of 1985.
On January 8, 1985 plaintiff filed the rule which is the subject of this appeal. Plaintiff sought in her rule to have defendant held in contempt for nonpayment of child support and to be granted a judgment making past due unpaid child support payments executory. Subsequent to the filing of the plaintiff’s rule, the defendant filed a rule to reduce the child support. The hearing on that rule was continued without date at the hearing on the plaintiff’s rule.
After the hearing on the plaintiff’s rule, the trial court found that the plaintiff was entitled to the past due child support, being the difference between the $600 paid and $2,000 owed, plus attorney’s fees, as well *1147 as the amount of arrearage as of the first rule in October of 1983. The trial court found the defendant to be in contempt for failing to make his court-ordered payments. The trial court made this ruling, despite the fact that it believed that defendant was unable to pay, because defendant failed to take any recourse to the remedies provided by law for reducing such awards when circumstances alter one’s ability to pay.
ISSUES
The issues presented in this appeal are:
(1) whether the plaintiff and defendant entered into an agreement in December of 1983 to reduce the support payments to $600, which would have modified the order of the court and thus be enforceable against the plaintiff in the maintenance of this action; (2) whether the defendant’s monthly payment of $600, made in good faith, should alleviate any finding of contempt on his part; and (3) whether the Twenty-seventh Judicial District Court was the court of proper venue in which to entertain this action.
I.
With regard to the disposition of the first issue, the trial court, in finding the defendant to be in arrears and making the judgment of support executory, obviously did not feel that any enforceable agreement to reduce the support award existed between the parties. The burden of proving that such an agreement existed fell to the party claiming the agreement, that person being the defendant herein. See Gomez v. Gomez, 421 So.2d 426 (La.App. 1st Cir.1982). The defendant elicited no testimony from the plaintiff showing that she clearly agreed to the reduction. The only testimony from Mrs. Lafleur is that the defendant told her he could no longer pay $2,000 per month and would commence paying only $600 per month in December. At that time the defendant was in arrears for well over $9,000 and Mrs. Lafleur had received nothing toward that indebtedness. As there is no evidence in the record that the parties clearly agreed to the reduction, we cannot say that the trial court abused its much discretion in this factual determination. The governing rule and the rationale for the rule was stated in Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir. 1983) as follows:
“The general rule in Louisiana is an alimony or child support judgment remains in full force and effect in favor of the party to whom it is awarded until the party ordered to pay it has the judgment modified or terminated by a court. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977); Ramos v. Ramos, 425 So.2d 989, (La.App. 5th Cir.1983); Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir.1979). The policy reason behind this rule is obvious. The law does not want to encourage those owing alimony or child support to become involved in “self-help” by making their own determinations as to when they have satisfied their alimony or child support obligations by some method other than payment in accordance with the court order. Although there are often circumstances warranting a change, and it is often burdensome (in terms of money and time) for the party to go to court to effect the change, the courts of this state are of the opinion this is the only way to prevent large scale abuse by those owing alimony and child support.”
In the absence of any evidence establishing that the parties clearly agreed to the reduction, which would have been an exception to the above stated general rule, it must be said that the reduction was unilateral in nature. The obligation to pay the amount ordered by the court continues until such time as it can be modified by the court. The defendant only recently attempted to do this by rule filed prior to the hearing held in this matter. We find that the trial court was not clearly wrong in finding the defendant in arrears for $23,-600, in addition to the $9,482, minus a credit of $235.89 made executory in October of 1983.
II.
The defendant complains by way of this appeal that, because he made the $600 pay- *1148 merits in good faith to Mrs. Lafleur for well over a year, he could not have been in contempt of court. This rule was the third such rule filed by the plaintiff to make the past due support executory. Mr. Lafleur testified that due to serious financial difficulties encountered in his tugboat business he was unable to pay more than $600 per month to Mrs. Lafleur. He additionally had a new wife and child to care for. The trial court was satisfied that the defendant was in fact unable to pay, yet found the defendant to be in contempt for failing to make the court-ordered payments over such an extended period of time when he had legal remedies available to him to modify the award. He felt the defendant was remiss in failing to take legal action.
Although as a general rule, failure to pay child support resulting from the obligor’s financial inability to pay cannot support a contempt charge, this finding is primarily factual; and a trial court’s finding thereon should not be disturbed absent manifest error. Fontana v. Fontana, 426 So.2d 351 (La.App.2d Cir.1983), writ denied, 433 So.2d 150 (La.1983).
We cannot say that the trial court was clearly wrong in finding the defendant to be in contempt. His circumstances of financial instability had persisted over a long period of time without the defendant attempting to exercise the legal remedies available to him. The defendant’s failure to pay the full amount of the court-ordered support award was willful and without legal excuse. The defendant was fortunate that the trial court chose not to impose any sanctions. This court of appeal notes that the defendant does understand his responsibility. To incarcerate or fine him would not improve the plaintiff’s situation with respect to collecting the much needed child support. This second assignment of error is therefore without merit.
III.
The remaining issue presented here concerns the matter of proper venue for this action.
Defendant’s attorney made defendant's venue objection at the beginning of the hearing. The objection was termed by the attorney as an objection to the jurisdiction of the court in St. Landry Parish. The attorney urged absence of jurisdiction based on LSA-C.C.P. art. 3941 and Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir. 1981) and contended “that venue in these particular actions cannot be waived....” The objection appears to have been treated as an exception. As stated by defendant’s counsel, the objection was that the child support decree was originally made in Plaquemines Parish and the court there retained jurisdiction of all child support questions. The trial court rendered judgment on the venue question by ordering that the “Exceptions and Objections to the jurisdiction of this Court over the issue of child support presented and over the person of defendant be and the same are hereby overruled and dismissed." The State of Louisiana clearly has jurisdiction over all of the parties and the status of this case. LSA-C.C.P. arts. 6 and 10. LSA-C.C.P. art. 3941 provides the proper venue for actions for an annulment of a marriage, for separation from bed and board, or for divorce. Proper venue is in the parish where either party is domiciled or in the parish of the last matrimonial domicile.
The defendant instituted the action for separation from bed and board in Plaquemines Parish where he was domiciled. A judgment was rendered in that matter which also disposed of the issues of custody and child support. The defendant did not thereafter pursue a final dissolution of the marriage in Plaquemines Parish. The plaintiff, domiciled with her children in St. Landry Parish, brought an action for divorce based upon over one year having elapsed from the judgment of separation. Venue was proper in St. Landry Parish as well as it would have been in Plaquemines Parish. LSA-C.C.P. art. 3941 provides:
“An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domi- *1149 died, or in the parish of the last matrimonial domidle.
“The venue provided in this artide may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity.”
In the divorce action, the Twenty-seventh Judicial District Court also entertained the matter of permanent custody and child support. LSA-C.C.P. art. 74.2 allows the child custody action to be brought in the same venue as the action for annulment, separation or divorce so that the actions could be combined. This made the Twenty-seventh Judicial District Court a court of proper venue in which to adjudicate the issue of custody in conjunction with the action to dissolve the marriage.
The recent case of Fournier v. Fournier, 475 So.2d 400 (La.App. 1st Cir.1985), writ denied, 477 So.2d 1130 (La.1985), dealt with the same issue presented in this case. Specifically with regard to the issue of child support and its proper venue, the court said:
“Although there is no specific rule on venue for child support, defendant suggests, and we agree, that it is reasonable to follow the venue rules for custody, since custody and support are so closely related.”
We agree with the court in Fournier and find that the judgment of the Twenty-seventh Judicial District Court is dispositive and final as to all of these issues inasmuch as the issue of custody and support are never final. The judgment of the Twenty-seventh Judicial District Court is controlling, and any future actions concerning the issues of custody and support must be submitted to that court unless the plaintiff and her children were to leave the state. Defendant’s third argument is found to be without merit.
CONCLUSION
Accordingly, the judgment of the trial court overruling and dismissing the defendant’s exception and objection to the jurisdiction of the court over the issue of child support and over the person of the defendant is affirmed; the judgment in favor of the plaintiff, Glenda Gary, and against the defendant, Rodney J. Lafleur, in the sum of $23,600 for past due child support and recognizing that the defendant still owes arrearages in the principal amount of $9,482, less a credit of $235.39, is affirmed, and that part of the judgment finding Rodney J. Lafleur guilty of contempt, but imposing no sanctions, is affirmed. The costs of this appeal to be borne by the defendant.
AFFIRMED.