WATKINS, Judge.
Kim Cleland Barnett brought the present rule to obtain a modification of a plan of child custody which had been entered into by herself and her former husband and filed of record in the Barnetts’ divorce proceeding but never approved judicially. Her former husband, Charles S. Barnett, Jr., filed a rule likewise seeking a modification of the prior joint custody plan under which proposed modification Mr. Barnett would be named primary custodial parent.
The two children, Bridgette Shelane Barnett and Charles S. Barnett III, were born December 2, 1974 and May 27, 1979, respectively. It appears that Bridgette was the child of Kim Cleland Barnett by a prior marriage, and was adopted by Charles S. Barnett, Jr. Charles S. Barnett III was the natural child of the marriage between Charles Barnett, Jr. and Kim Cleland Barnett.
In the divorce decree, which Kim Cleland Barnett obtained from Charles Barnett, Jr. by default on the basis of the parties having lived separate and apart for more than one year, Kim Cleland Barnett was granted permanent custody of the two minor children, with Charles Barnett, Jr. being awarded reasonable visitation privileges. The date of the divorce and custody decree was March 29, 1983.
On March 26, 1985, Charles Barnett, Jr. and Kim Cleland Ball (the former Mrs. *581 Barnett) entered into a joint custody agreement, under which there was to be joint custody of the two minor children, Kim Cleland Ball having custody from January 15 until July 15 each year, and Charles Barnett, Jr. having custody from July 15 through January 14 of the next succeeding year. The instrument seeking to establish voluntary joint custody was filed in the record of the divorce proceeding on April 3, 1985.
The rules filed by Mr. and Mrs. Barnett each to obtain a modification of the joint custody plan were heard on July 25, 1986, and in a judgment dated August 5, 1986, the trial court awarded custody to be enjoyed during the school year to Charles Barnett, Jr. and custody to be enjoyed during the summer vacation to Kim L. Cleland, a/k/a Kim Cleland Lawrence (the former Mrs. Barnett). Kim Cleland Barnett applied for a new trial, in a rather inartfully drawn pleading, on the apparent basis of newly discovered evidence. The trial court denied a new trial. Mrs. Barnett has appealed the entire matter to this court. We affirm.
We first note that the trial judge apparently thought that the joint custody plan adopted without judicial approval on March 26, 1985, was devoid of legal effect, as he stated it was “out.” We find ourselves in agreement with the trial court that the joint custody plan lacked legal efficacy. LSA-C.C. art. 146 provides a joint custody agreement must be judicially approved. As was stated in Owen v. Gal-lien, All So.2d 1240 (La.App. 3d Cir.1985), the primary parties in interest in a custody proceeding are the minor children. The Codal article appears to require judicial approval of a joint custody plan as the court is considered the protector of the minors, whose interest the parents may not have fully considered in a voluntary joint custody plan. We therefore shall ignore the joint custody plan of March 26, 1985, as it lacks validity unless judicial approval had been obtained, which was never the case.
This brings us face to face with the judicial award of custody to the mother, Kim Cleland Barnett, in the divorce decree. The adoption of the joint custody provisions of LSA-C.C. art. 146 did not do away with the “change of circumstances” rule under which the non-custodial parent was required to prove a change of circumstances in order to obtain custody. See Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
However, the divorce decree between the Barnetts was obtained upon confirmation of default against Charles Barnett, Jr. A custody award obtained upon confirmation of default in a divorce proceeding is not entitled to the support of the change of circumstance rule as the issues involving custody were not fully litigated. Owen v. Gallien, supra. Thus, we must review the record below, and determine whether or not it sustains the award of custody to Charles Barnett, Jr. for the school year, without considering the change of circumstances rule.
The transcript of the hearing contains evidence of several witnesses that Charles Barnett, Jr. provides a good home, has a good influence on the children, and that the children are happy when living with Charles Barnett, Jr. The record lacks testimony of anyone other than Kim Cle-land Barnett herself stating she provides a good home. Thus, we find ample evidence to support the trial court’s award of custody during the school year to Charles Barnett, Jr.
As we have stated, Mrs. Barnett filed a motion for a new trial. That motion is not supported by a verifying affidavit of the applicant. In her appellate brief, Kim Cleland Barnett alleges physical (non-sexual) abuse of Bridgette Shelane Barnett by Charles Barnett, Jr., as a reason for requesting a new trial. However, the motion for new trial is inartfully drawn, and not supported by affidavit, as LSA-C.C.P. art. 1975 requires. Although we do not ignore the serious allegation of abuse made by Kim Cleland Barnett, we should point out that while a heavy burden confronts a party seeking to set aside an award of custody of a minor, still a judgment of child custody is always subject to modification when the best interests of the child so dictate. Ber- *582 geron v. Bergeron, supra; Fournier v. Fournier, 475 So.2d 400 (La.App. 1st Cir. 1985), writ denied, 477 So.2d 1130 (La. 1985). We, therefore, hold that the trial court acted correctly in denying a new trial.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.
ON MOTION TO DISMISS APPEAL
The husband has moved to dismiss the appeal on the ground of mootness because after the judgment appealed from was rendered the trial court awarded permanent custody to the husband on the basis of evidence which allegedly developed after the original judgment was rendered. The court of appeal is without jurisdiction to consider a change of circumstances that occurred after the time the judgment was rendered. Rakosky v. Rakosky, 275 So.2d 421 (La.App. 4th Cir.1973), writ refused, 278 So.2d 508 (La.1973).
The motion to dismiss must therefore be denied.
MOTION TO DISMISS DENIED.