CHEHARDY, Chief Judge.
This appeal arises from proceedings in which Jeffrey Donnow seeks joint custody of his son from his prior marriage. Cynthia Donnow Traylor, who is the child’s mother and Mr. Donnow’s former wife, appeals the district court’s denial of her exception of improper venue and her motion for change of venue.
The parties were married in 1979 and maintained their matrimonial domicile in St. John the Baptist Parish. Following their physical separation, Mrs. Donnow moved to St. Tammany Parish, where she filed a petition for judicial separation in the 22nd Judicial District Court in October 1983. In January 1984, the St. Tammany court rendered a consent judgment in which the mother was granted custody of the child. In July 1984, the St. Tammany court rendered a judgment of separation, which was silent on the issue of custody.
The father, who continued to reside in St. John the Baptist Parish, filed a petition for divorce in the 40th Judicial District Court, St. John the Baptist Parish. The St. John court rendered a judgment of divorce in November 1984. Regarding custody, that judgment stated only, “Alimony, child support and community property issues are to remain open.”
In February 1987 the father filed a rule to change custody in the St. John court, *653 asserting he is entitled to joint custody of the child and to be the primary custodial parent. He stated that in November 1986 the mother had voluntarily surrendered physical custody of the child to him, that the child has resided with him and his present wife since then, and that the child is in school in St. John Parish and has performed well.
In response, the mother filed a declinato-ry exception of improper venue and a motion for change of venue, in which she asserted that St. Tammany Parish was the only proper venue for the change-of-custody proceeding, citing LSA-C.C.P. art. 74.-2(B).
On April 13, 1987, the St. John court rendered judgment denying the mother’s exception and motion, on the basis that the mother had surrendered custody of the child to the child’s father and that the child had been enrolled in school in St. John the Baptist Parish. The judge cited LSA-C.C. P. art. 74.2(A), stating that a proceeding to obtain the legal custody of a minor may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile. Because the matrimonial domicile of these parties was in St. John Parish, the judge concluded, St. John was an appropriate venue. He found it “of massive weight that this child is attending school in the Parish where this action has been brought and, if necessary, is available for the Court to question.”
The mother moved for a new trial, asserting that the trial judge had erred in stating the child was attending school in St. John, because prior to the hearing on the exception of improper venue the child had been returned to the mother in St. Tammany Parish and had been enrolled in school there. The court denied the motion for new trial summarily and the mother appealed.
Although the denial of an exception is an interlocutory judgment, it is appeal-able under the rationale of irreparable injury, because as a practical matter nothing can be done on an appeal of the trial of the merits to correct such a procedural error. Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La.App. 5 Cir.1982).
At the time these custody proceedings were instituted, Code of Civil Procedure Article 74.2 provided,
“A. A proceeding to obtain the legal custody of a minor or to establish an obligation of support or modification thereof may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
“B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the original custody decree was rendered. If the person awarded custody is no longer domiciled in the state, the proceeding for change of custody may be brought in the parish where the person seeking a change of custody is domiciled or in the parish where the original custody decree was rendered.
“C. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the proceeding to obtain custody or to change custody to another court where the proceeding might have been brought.”
(C.C.P. art. 74.2 was amended by Acts 1987, No. 417, Sec. 1, to reword the provisions regarding modification of support. However, the new version of the article was not in effect when these proceedings were filed.)
The mother asserts that the district court misinterpreted Article 74.2, because the court applied Paragraph A rather than Paragraph B. Under Paragraph A, which regulates venue for a proceeding to obtain custody, St. John is a proper venue because not only is one party (the father) domiciled there, but also it was the parish of the last matrimonial domicile. The mother contends, however, that this is a proceeding for a change of custody, so that Paragraph B should have been applied. Under Paragraph B, St. Tammany would be the only proper venue, because the custodial parent *654 is domiciled there and it is the parish where the original custody decree was rendered.
In one sense the proceeding does concern a change of custody because the father seeks to change the earlier custody decree. We note, however, that the judgment of January 1984, by which the mother obtained custody, was rendered prior to the judgment of separation, making it an award of provisional custody. See LSA-C.C. art. 146. No subsequent decree has ever been rendered, either in the separation or in the divorce.
Custody and child support pendente lite and permanent custody and child support are two different things. Fournier v. Fournier, 475 So.2d 400 (La.App. 1 Cir.1985), writ denied 477 So.2d 1130. Thus, the father’s motion to obtain joint custody is actually a motion to obtain permanent custody following the divorce. See LSA-C. C. art. 157. Accordingly, Paragraph A of Article 74.2 is applicable and venue is proper in the parish of the father’s domicile, which is St. John the Baptist Parish.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.