WARD, Judge.
Article 74.2 of the Code of Civil Procedure was enacted in 1983 to “fill the gap” in the law by providing venue rules for child custody proceedings — the prior omission of which had “created a difficult problem for the courts.” La.C.C.P. art. 74.2, Comment (a). As this case illustrates, a gap may yet exist, and the courts still have difficult problems. Specifically, we granted certiorari to review the Civil District Court’s denial, based upon La.C.C.P. art. 74.2(C), of Relator’s motion to transfer the issue of child support to the 24th Judicial District Court for Jefferson Parish along with the child custody proceeding which was transferred to that Court. We conclude that proper venue for both child custody and support is only in Jefferson Parish, and we reverse that portion of the Trial Court judgment which denied the motion to transfer the child support issue.
A recitation of the pertinent prior proceedings in this dual parish litigation is necessary to establish the basis for our holding. Following the parties’ physical separation from the matrimonial domicile in Jefferson Parish, the husband filed suit seeking a legal separation in the 24th Judicial District Court for the Parish of Jefferson. The wife, Relator, then filed for separation in Jefferson seeking custody of the three minor children, child support and alimony. That court rendered judgment in the wife’s favor, on November 28, 1984, and she was granted child support and alimony. Although the judgment does not expressly mention custody, the child support order obviously was based upon the wife’s existing custody of the children.
*841 The parties were legally separated by judgment in Jefferson on September 11, 1985; that judgment was affirmed on appeal. On September 17, 1985, the husband, having moved to New Orleans, filed for divorce in Civil District Court for Orleans Parish, his domicile; his petition asked for joint custody of the children. The wife then filed for divorce in Jefferson, her domicile, seeking custody, child support and alimony. On July 23,1986, the parties filed a plan for implementation of joint custody in the Jefferson court. After denial of her exception of lis pendens to the husband’s Orleans divorce suit, the wife answered that suit and reconvened for custody, child support and alimony. With the hearing in Orleans on the husband’s divorce petition and the wife’s reconventional demands set for December 18, 1986, the wife filed in that court on December 3, 1986 alternative motions to dismiss without prejudice, or to transfer to Jefferson Parish, her reconven-tional demands for custody and child support. The Trial Court transferred the custody proceeding pursuant to La.C.C.P. art. 74.2(C), but read that provision to prohibit transfer of the issue of child support. It is the Trial Court's denial of the motion to transfer the child support issue which is now before us.
The Trial Court based its ruling upon a literal reading of Article 74.2(C) which provides for transfers only of custody proceedings:
A. A proceeding to obtain the legal custody of a minor or to establish an obligation of support or modification thereof may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the original custody decree was rendered. If the person awarded custody is no longer domiciled in the state, the proceeding for change of custody may be brought in the parish where the person seeking a change of custody is domiciled or in the parish where the original custody decree was rendered.
C.For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the proceeding to obtain custody or to change the custody to another court where the proceeding might have been brought.
La.C.C.P. art. 74.2.
Pretermitting for the moment the applicability of Article 74.2(C), the Trial Court ruling points up the “gap” which remains in our venue rules, that is, that Section C of Article 74.2 — and Section B as well — do not literally apply to proceedings to establish or modify an obligation of support. We believe, however, that practical considerations as well as recent case law favor an interpretation of Sections B and C to include proceedings for child support.
In Fournier v. Fournier, 475 So.2d 400 (La.App. 1st Cir.) writ denied 477 So.2d 1130 (La.1985), the Court construed Section A of Article 74.2, as it read prior to its most recent amendment, stating, “Although there is no specific rule on venue for child support, defendant suggests, and we agree, that it is reasonable to follow the venue rules for custody, since custody and support are so closely related.” We agree that Sections B and C should be read to govern venue for both child custody and support. Section A of the statute has since been amended to incorporate the rule of Fournier, but Sections B and C were not. We believe the rationale of Fournier in construing Section A may now be used to construe Sections B and C. In this case, however, while Section B is pertinent, Section C is not applicable for the following reasons.
Reviewing the proceedings in the context of Article 74.2, we find that the claims for child custody and support were raised for the first time when the wife filed for separation in Jefferson Parish on May 8, 1984. Jefferson was the proper venue under Section A of Article 74.2 which provides for venue in “[a] proceeding to obtain *842 the legal custody of a minor or to establish an obligation of support or modification thereof ... in the parish where a party is domiciled or in the parish of the last matrimonial domicile.” Moreover, the Jefferson Parish court has rendered both custody and support judgments, including a joint custody decree and most recently, an allocation of the husband’s support obligations which was rendered the same day as the application for this writ was filed.
When the husband sought joint custody in his Orleans divorce suit filed September 17, 1985, he was, in effect, seeking to change the venue to Orleans Parish, changing the custody arrangement because the Jefferson custody decree, having a legally independent basis, would otherwise have continued beyond the rendering of a divorce judgment in Orleans Parish. Lewis v. Lewis, 404 So.2d 1230 (La.1981); Howard v. Howard, 409 So.2d 279 (La.App. 4th Cir.1981). In his reply brief to this Court, the husband argues that Article 74.2(B) is not applicable because he was not seeking a modification of custody when he filed his petition in Orleans Parish. We believe, however, that the better rule is that “such a suit must be characterized as one to modify a prior decree since the prior custody award ... does not abate with the later judgment of divorce.” Comment, Louisiana’s New Venue Law for Child Custody Suits: A Critique, 45 La. Law Rev. 107, 119 (1984); see also, Lewis, supra.
Section B of Article 74.2 limits venue, in cases where the custodial parent remains in Louisiana, to “the parish where the person awarded custody is domiciled or in the parish where the original custody decree was rendered.” At the time the husband filed his divorce and joint custody petition, Jefferson Parish was both “the parish where the person awarded custody is domiciled” and “the parish where the original custody decree was rendered.” Orleans was not a proper venue. Neither was Orleans the proper venue for the wife’s reconventional demands for custody, especially since by the time the wife filed the reconvention to the husband’s divorce suit, a joint custody decree had been rendered in Jefferson.
Hence, the Civil District Court erred in not granting the wife’s motions to either dismiss or to transfer to Jefferson the claims for both custody and support, because those claims were brought in an improper venue under Article 74.2(B). The transfer should have been effected under La.C.C.P. art. 121, which provides generally for the transfer of actions brought in an improper venue. The transfer provisions of Article 74.2(C) provide for the transfer, for convenience and in the interests of justice, of actions which were brought in a proper venue. Hence, a transfer under Article 74.2(C) was unavailable in this case.
Although Relator chose not to pursue in this writ application the portion of her motion which sought dismissal of her reconventional demand for child support, we believe she was entitled to voluntarily dismiss that claim under La.C.C.P. art. 1671. That article applies to incidental as well as to main demands, and we believe that a party’s right to control her own litigation requires dismissal of claims which are being litigated in another, proper, forum. Although the husband argues otherwise,, we do not interpret the last sentence of Article 1671 to give the Trial Judge the discretion to refuse to order a voluntary dismissal following a general appearance by the opposing party, but only the discretion to order that the dismissal be with prejudice.
For the foregoing reasons, the portion of the Trial Court judgment which denied Relator’s motion to dismiss or transfer the issue of child support is reversed. The Trial Court is ordered to transfer all proceedings in this matter regarding the issue of child support to the 24th Judicial District Court.
The stay order issued by this Court on December 17, 1986 is vacated.