YELVERTON, Judge.
This case is before us on an appeal from a judgment maintaining an exception of venue.
After issue was joined by petition and answer, and after a trial on the merits at which both parties were present with counsel, a judgment in favor of Carol Savant against Kang Savant was signed on April 9,1985, by the Third Judicial District Court for the Parish of Lincoln. The judgment (1) gave Carol Savant a divorce, (2) gave her custody of the child Lauren, and (3) ordered Kang to pay child support of $200 a month.
Lincoln Parish is in the jurisdiction of the Louisiana Second Circuit Court of Appeal. Kang appealed the above judgment to the Second Circuit. On February 26, 1986, the Second Circuit in an unpublished opinion affirmed the judgment of divorce, but reversed the award of sole custody and ordered joint custody, and remanded for the formulation of a joint custody plan as well as reconsideration of child support in the light of the revised custody plan. The judgment of the Second Circuit, in due course, became final.
On remand, the district court in Lincoln Parish, in a judgment signed on September 23, 1986, ordered joint custody and fixed partial child support at $200 a month.
Meantime, other proceedings were pending between the parties in Allen Parish, which is in the jurisdiction of the Louisiana Third Circuit Court of Appeal. Rules had been filed in September 1985 by Kang seeking sole custody of the child and asking that Carol be held in contempt of earlier rulings by the Thirty-Third Judicial District Court in Allen Parish, but these rules were recalled and the proceedings stayed on September 25, 1985, because of the proceedings in Lincoln Parish. After the Second Circuit’s ruling, Kang filed a motion asking that these two motions be set for hearing in Allen Parish. This latter motion was filed on September 16, 1986, after the Lincoln Parish judgment on remand was rendered, and one week before it was signed. The trial judge in Allen Parish set a hearing on Kang’s year-old rules for custody and contempt. Before that hearing could be held Kang filed a third rule, this dated October 29, 1986, seeking sole custody or at least a modification of the joint custody which just one month earlier had been ordered in Lincoln Parish. All three rules were set for hearing on November 21, 1986.
To these rules in Allen Parish Carol filed exceptions of improper venue and res judi- *661 cata. The district judge in Allen Parish conducted a hearing on November 21,1986. The trial judge signed a “judgment” declining to consider the rules for the penned-in reason: “2nd Circuit Court of Appeal has ruled on this matter.”
What is presently on appeal to us, the Third Circuit, is the Allen Parish judgment rendered November 21,1986, and signed on December 8, 1986, in which the trial judge declined to consider Kang’s pending rules.
What the trial judge apparently intended to do by his ruling was recognize that Allen Parish was no longer the venue for the issues raised by the father. La.C. C.P. art. 74.2(B) provides that a proceeding for a change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. See Sanchez v. Sanchez, 501 So.2d 839 (La.App. 4th Cir.1986), writ denied 502 So.2d 576 (La.1987). Under La.C.C.P. art. 74.2(B) and the present facts, Lincoln is the parish of proper venue and Allen Parish is not. Sanchez, supra. There is some question in our mind concerning the validity of earlier Allen Parish custody judgments, but clearly the latest valid custody judgment is that which was rendered in the Second Circuit Parish of Lincoln. Modification of custody at this time must be directed to a change in that judgment, as to which venue lies only in Lincoln. The trial judge apparently recognized this when he declined to consider the motion to modify custody. To this extent the trial judge’s decision was correct.
However, having found improper venue, the judge should have done something more than merely pretermit the issues. He should have signed a judgment maintaining the exception of venue, and then he should have either dismissed the action or transferred it to the court of proper venue, in accordance with the provisions of La.C.C.P. art. 121. We will remand the case with instructions to the trial court to render such a judgment, and decide whether to dismiss or transfer, in compliance with the provisions of this article.
To the extent that the trial court declined to rule on the question of Carol’s contempt of an earlier judgment of that court, the trial judge committed error. Nothing in the judgment of the Second Circuit Court of Appeal operated to inhibit the trial court’s power to determine whether Carol was guilty of contempt of one of its lawful orders. Obviously, Allen Parish is the only place of proper venue for the rule for contempt. The trial court should schedule and hold a hearing on that rule, and dispose of it.
For these reasons, the judgment of the trial court recognizing the validity of the exception of venue as to the rule to modify custody is affirmed, and the case is remanded with instructions to the trial court that, when he signs a judgment maintaining the exception of venue, he provide in the judgment either a dismissal or a transfer of the action of modification of custody in accordance with the provisions of La.C. C.P. art. 121.
The action of the trial court, insofar as it purports to recognize an exception of venue to the rule for contempt, is reversed, and the trial court is instructed to hear and dispose of that rule on remand.
The costs of this appeal are to be bom equally by the parties and costs in the trial court will be determined by the trial judge after final proceedings there.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.