CHEHARDY, Chief Judge.
The issue in this case is whether a Louisiana court retains jurisdiction to hear a proceeding for modification of a child support award when the custodial parent has moved to another state with the children and has initiated a proceeding in that state to obtain support arrearages.
Adriana Llovet and Adolfo Girau were married and made their matrimonial domicile in Jefferson Parish, Louisiana, in 1973. Two children were born of their marriage. In 1982 the parties were judicially separated. Adriana subsequently moved with the children to Dade County, Florida, where she still resides. She remarried and is now known as Adriana Perez. Adolfo remained in Louisiana.
In 1984 Adolfo filed suit for divorce in the 24th Judicial District Court for the Parish of Jefferson, the court which rendered the judgment of separation. By notarized affidavit, Adriana accepted service of the citation and petition and waived all delays. A judgment of divorce was rendered on January 9,1985. In the judgment Adriana was awarded custody of the children and child support in the amount of $450 per month.
On August 23, 1988, Adolfo filed a motion to reduce child support to $350 per month, asserting not only that his circumstances had changed but also that Adriana had agreed voluntarily to reduce the amount payable. Adolfo requested the court to confirm the agreement.
While Adriana was in Louisiana on a visit, she was personally served with the petition for reduction. She filed an answer, in proper person, denying the allegations of the petition. She also filed a motion to dismiss the petition on the basis of lack of jurisdiction, alleging that jurisdiction now lay in Dade County, Florida.
Adriana made the following allegations: She had filed a complaint in the circuit court for Dade County on June 28, 1988, seeking to have the Florida court recognize the 1985 Louisiana judgment setting child support. She then had obtained a default judgment against Adolfo on August 18, 1988, for $14,800 in child support arrearag-es, plus attorney’s fees and costs. Adolfo had filed pleadings in the Florida proceeding attempting to set aside the default and to dismiss the matter for lack of jurisdiction, but the Florida court had denied Adolfo’s motions on September 22, 1988.
Adriana asserted the Louisiana judgment had been “domesticated” by the Florida *672 court, so that any action in reference to child support must be presented and decided in Dade County, Florida.
Adriana appeared in person in the Louisiana district court at the trial of Adolfo’s rule to reduce on October 6, 1988. On October 18, 1988, the district court rendered judgment dismissing Adolfo’s petition for reduction, stating,
“[I]n view of the fact that the children of the parties have resided in Florida since May, 1984 and that Florida is the home state under the provisions of Louisiana Revised Statutes 13:1701 et seq., it is the opinion of the court that this court does not have jurisdiction to hear defendant’s aforesaid motion and has no jurisdiction to modify the judgment of this court dated January 9, 1985 awarding child support in the sum of $450.00 per month or to consider a reduction in the child support award or to recognize and confirm a voluntary agreement between the parties to reduce the child support award, or to consider increased visitation privileges.”
Following the denial of his motion for a new trial, Adolfo filed this appeal.
TIMELINESS OF APPEAL
Prior to oral argument, on our own motion we issued a rule to show cause why the matter should not be dismissed. The appeal appeared to us to be untimely because it had been filed more than 30 days after the denial of the motion for new trial. We cited LSA-C.C.P. arts. 3942 and 3943, under which an appeal from a judgment awarding custody of a person or alimony can be taken only within 30 days from the date of the court’s refusal to grant a timely application for a new trial. The appeal here had been filed some 44 days after the denial of the motion for new trial.
In his brief in response to the show-cause order, the appellant pointed out that his appeal is not governed by the 30-day limitation of C.C.P. arts. 3942 and 3943, because the judgment appealed is not one awarding custody of a person or alimony. Instead, it is a judgment dismissing the matter for lack of jurisdiction. As such, the appellant contends, the appeal is subject to the 60-day period for devolutive appeals allowed by LSA-C.C.P. art. 2087.
The distinction made by the appellant is sound. The relief requested in his motion for reduction and the judgment as rendered by the district court are different. Thus, the judgment is not within the scope of C.C.P. arts. 3942-3943 and the appeal was timely. Accordingly, the rule to show cause why the appeal should not be dismissed is hereby recalled and vacated. See Carlisle v. Carlisle, 313 So.2d 908 (La.App. 2 Cir.1975); Picinich v. Picinich, 271 So.2d 670 (La.App. 1 Cir.1972).
MERITS
The appellant asserts the trial court erred in relying on the provisions of the Uniform Custody Jurisdiction Act (UCJA) to find a lack of jurisdiction, because that statute does not apply to support matters. Specifically, LSA-R.S. 13:1701(2), in defining “custody determination” for purposes of the UCJA, states:
“ ‘Custody determination’ means a court decision and court orders and instructions providing for the custody of a child, including visitation rights; it does not include a decision relating to child support or any other monetary obligation of any person.”
In addition, the appellant contends the trial judge erred in relying on the cases of Epps v. Epps, 521 So.2d 1162 (La.1988) and Sanchez v. Sanchez, 501 So.2d 839 (La.App. 4 Cir.1986), writ denied 502 So.2d 576 (La.1987).
We conclude the appellant’s argument is correct. By its own terms the UCJA is inapplicable to support obligations. Accordingly, the UCJA provisions relating to jurisdictional limitations in interstate child custody disputes cannot be extended to child support matters.
The statutes regarding interstate enforcement of child support are contained within the Revised Uniform Reciprocal Enforcement of Support Act (URESA), adopted in Louisiana as LSA-R.S. 13:1641-1698. The purposes of URESA are “to *673 improve and extend by reciprocal legislation the enforcement of duties of support.” R.S. 13:1641. However, the remedies provided by URESA are “in addition to and not in substitution for any other remedies.” R.S. 13:1643.
URESA contemplates that the support obligee will initiate proceedings in his or her own state to have a judgment recognized and enforced in the state in which the support obligor resides. Although the ap-pellee’s action in Florida to have the Louisiana judgment recognized was the converse of the action contemplated by URESA procedures, URESA does not invalidate such a proceeding.
At the same time, however, the recognition by the Florida court of the Louisiana judgment did not divest Louisiana of jurisdiction of the child support issue. Nor did it transfer sole jurisdiction to Florida. See R.S. 13:1665.
The rule of Imperial v. Hardy, 302 So.2d 5 (La.1974) is still applicable in Louisiana: Once personal jurisdiction has attached for an award of child support, jurisdiction continues for purposes of modification of that award in the future. When a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of the state to bind him or her by every subsequent order in the cause. Id.
The trial court’s reliance on the Epps and Sanchez cases, supra, is misplaced; the facts in those cases differ and the rulings are not applicable here. In the Epps case, the support obligee was a Louisiana resident and the Supreme Court found Louisiana had status jurisdiction as to custody under the Uniform Custody Jurisdiction Act and personal jurisdiction as to child support under the Louisiana Long Arm Statute, LSA-R.S. 13:3201. In the Sanchez case, the question was not jurisdiction between competing states; the issue was which parish within Louisiana was the proper venue.
Accordingly, the trial court erred in finding it had no jurisdiction in this case over modification of the child support award.
In his rule for reduction of child support, the appellant also requested that visitation rights be set. Although he has not raised this issue on appeal, we deem it appropriate to mention, first, that the UCJA is applicable to determination of visitation rights. LSA-R.S. 13:1701(2), 13:1702(A)(1). Secondly, although Louisiana has simultaneous jurisdiction over that issue, under the UCJÁ Florida would be the more appropriate forum for such a determination because it is now the children’s “home state.” LSA-R.S. 13:1705, 13:1706.
For the foregoing reasons, the rule to show cause why the appeal should not be dismissed is hereby recalled and vacated. The judgment of the district court is reversed and the case is remanded for further proceedings. Assessment of the costs is to await determination of the merits of the matter.
RULE RECALLED AND VACATED; JUDGMENT REVERSED; AND CASE REMANDED.
GAUDIN, J., concurs with reasons.