LOTTINGER, Judge.
The parties to this litigation are divorced. During their marriage two children were born to them, Laura Carolyn Lewis and Charles Edward Lewis, aged five and two^ years respectively at the time of trial. On December 17, 1959, the court below awarded to plaintiff, Mrs. June Weaver Lewis, the permanent care, custody and control of the two children. This same judgment granted to the father-defendant, Arnold David Lewis, certain visitation privileges.
On February 17, 1961, plaintiff had the defendant ruled into Court to show cause why judgment should not be rendered permanently denying him the privilege of visiting his two minor children. The matter was heard following which judgment was rendered on April 24, 1961, and signed on May 10, 1961, suspending the visitation rights until further order of the court. Visitation rights were restored to the defendant by judgment dated December 8, 1961.
The plaintiff has appealed the judgment of April 24, 1961. The defendant has neither appealed nor answered the appeal.
*421 The question has been raised as to whether the appeal was timely taken in view of the fact that the judgment was signed on May 10, 1961, and the appeal taken on July 21, 1961 the defendant contending, on the one hand, that the matter is governed by LSA-C.C.P. Article 3943 and the plaintiff contending, on the other hand, that the matter is governed by LSA-C.C.P. Article 2087.
Article 3943 of the LSA-Code of Civil Procedure provides that “an appeal from a judgment awarding custody of a person * * * can be taken only within the delay provided in Article 3942.” The latter article provides such an appeal only within thirty days from the applicable date provided in LSA-C.C.P. Article 2087(1-3). The plaintiff contends that as the judgment appealed from affected only visitation rights as opposed from custody proper that LSA-C.C.P. Article 3943 is not applicable. The position of defendant is that the term “custody” is all inclusive and that matters such as visitation are included in its meaning.
The matter has been resolved, we believe, by the Supreme Court in the case of Downey v. Downey, 183 La. 424, 164 So. 160. There the wife had secured a judgment of divorce and was awarded the custody of two minor sons. Subsequently, on motion of the husband, a rule was issued and made absolute revising the earlier judgment so as to give the husband certain visitation rights. The question of the right to appeal the latter judgment was disposed of by Chief Justice Fournet as follows:
“The judgment appealed from in this case grants mover, Eldridge A. Dow-ney, the right to have his children visit with him at his home and to take them out on Saturday and Sunday of every week between the hours of 9 o’clock in the morning and dark. This certainly gives him the actual physical care, control, possession, and custody of his children during that time. To say that this judgment does not involve the custody of minors would have the effect of placing a restriction or limitation on the provisions of the Constitution. The framers of our Constitution used the term ‘all suits * * involving the * * * custody of children,’ thus giving the same the broadest possible meaning, and we are bound to give it the same broad construction. “We are of the opinion that the judgment appealed from in this case clearly involves the custody of minor children, and the plaintiff (Mrs. Downey) had a right to appeal therefrom.”
We believe that the above language is controlling here and that matters respecting visitation are included within the term “custody” as used in LSA-C.C.P. Article 3943. Accordingly, it is clear from the record that the appeal in this matter was not timely taken and we have no alternative but to dismiss it.
No motion has been filed herein to dismiss this appeal but it has been called to our attention that the appeal taken herein was not timely. The question arises, therefore, cán this Court of its own motion dismiss this appeal.
In Barber v. Hardwick, 107 So.2d 725 (La.App.1958), the Court held
“Even where there is no motion to dismiss the appeal for lack of jurisdiction, the court must take judicial cognizance of the matter and consider whether the appeal is properly before it. * * * Although no pleading has been filed herein inviting our attention to the absence of jurisdiction in this court, this is unnecessary for the court is bound sua sponte to recognize that fact and act upon it. * * * ”
Then in Munsch v. Rinkus and LeJeune v. Rinkus, 109 So.2d 101 (Orl.App.1959), the court held
“In brief and argument counsel for plaintiffs-appellees suggest that the appeal was applied for and granted more *422 than one year after the judgment was rendered and should be dismissed because it came too late. No motion to dismiss the appeal was filed, but if it is a fact that the appeal was applied for after the one year allowed by Code of Practice art. 593 for appealing the case had expired, then that is a defect which this court must notice ex officio, and, of course, the appeal must be dismissed for the reason that the lower court had no jurisdiction to grant the appeal nor would this court have jurisdiction to entertain it. * * * ”
For the reasons assigned, the appeal is dismissed at appellant’s costs.
Appeal dismissed.