PRICE, Judge.
Gary Lee Kreshel, a Washington resident, appeals from a judgment granting *888 him visitation rights with his five-year-old daughter, Stephanie, in Shreveport but denying his request for visitation rights with his child in Spokane. We do not reach the merits of this appeal because although the issue has not been raised by motion to dismiss, this court takes judicial cognizance of the jurisdictional defect which requires us to dismiss this appeal.
The judgment appealed from was signed and filed on August 21, 1975. The minutes of the trial court reflect that a motion for an appeal was made on September 3, 1975, and the appeal made returnable November 3, 1973. The order of appeal was conditioned upon the furnishing of security in the amount of $250. The record reflects an appeal bond was filed October 22, 1975.
Under Code of Civil Procedure, Articles 3942, 3943, and 2087, an appeal from a judgment awarding custody may be taken and the security therefor furnished only within thirty days from the expiration of the seven-day delay for applying for a new trial as provided by L.S.A.-C.C.P., Article 1974.
The First Circuit Court of Appeal has interpreted the term "custody” as used in Article 3943 to also include judgments relating to visitation rights or privileges. Lewis v. Lewis, 148 So.2d 420 (La.App. 1st Cir., 1962). The issue presented as to the timeliness of appellant’s filing of the appeal bond in this case is identical to that question as resolved by the Lewis decision. In construing “custody” as used in Article 3943 to be inclusive of “visitation rights,” the court in Lewis relied on a similar result reached by the Supreme Court in Downey v. Downey, 183 La. 424, 164 So. 160 (1935).
We are of the opinion that the decision in Lewis was correct in holding that appeals from judgments awarding visitation must be perfected within the delays provided by L.S.A.-C.C.P., Articles 3942, 3943, and 2087.
In the instant case, no notice of judgment was required under L.S.A.C.C.P., Article 1913, so the delay for a new trial exclusive of legal holidays commenced to run on August 22nd and ended September 2, 1975.
We find that under the applicable provisions of law relating to appeals, the plaintiff had until October 2, 1975, to perfect his appeal. Although the order of appeal was timely granted on September 3, 1975, the security was not furnished until October 22, 1975.
The jurisdiction of our court does not attach unless the order of appeal and bond are timely filed. See Wright v. Mark C. Smith & Sons et al., 283 So.2d 85 (La.1973).
In accord with the foregoing reasons, the appeal is dismissed at appellant’s costs.