600 So.2d 880 (1992)
Nathaniel Jackson CLARK
v.
Kathleen Arms CLARK.
No. 91 CA 0513.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*881 Kenneth Rigby, Shreveport, for defendant-appellant.
Marian Livaudais, Mandeville, for plaintiff-appellee.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment overruling a declinatory exception pleading the objection of improper venue.

BACKGROUND
In 1986, Nathaniel Jackson Clark and Kathleen Arms Clark were engaged in a custody dispute concerning their minor child, Lauren Paige Clark. Ms. Clark sought sole custody, while Mr. Clark sought joint custody of Lauren. Mr. Clark's rule for joint custody came to trial before the First Judicial District Court in Caddo Parish. On November 26, 1986, the court rendered judgment, granting Kathleen Arms Clark sole custody of the minor child subject to Mr. Clark's limited visitation. Mr. Clark's visitation was to be supervised during the two months following the rendition of judgment, and Mr. Clark was ordered to submit to a psychological evaluation. The court also ordered a "home study" by the Louisiana State Department of Health and Human Resources.
In a judgment rendered in Caddo Parish on April 28, 1987, Mr. Clark's visitation privileges were suspended until he completed professional psychological therapy and proved, upon application to the court, that visitation would not cause physical, emotional, or psychological damage to the child. The court reserved the right to impose such restrictions, conditions, and safeguards with respect to the visitation, including the supervision of the said visitation, as necessary to minimize any risk of harm to the child, under the provisions of LSA-C.C. art. 147.[1]
In December of 1987, Mr. Clark unsuccessfully sought joint custody and specified visitation. The Caddo Parish court's denial of Mr. Clark's request was affirmed on appeal. See Clark v. Clark, 550 So.2d 913, 914 (La.App. 2nd Cir.1989).

FACTS
On June 6, 1990, Mr. Clark filed the instant suit for visitation and to make the April 28, 1987, Caddo Parish judgment executory in St. Tammany Parish. Mr. Clark alleged that Ms. Clark was now domiciled in St. Tammany Parish, that he had fulfilled the conditions of the Caddo Parish judgment, and that he, therefore, was entitled to scheduled visitation with the minor child and to certain other privileges concerning her.
In response to Mr. Clark's efforts, Ms. Clark filed a declinatory exception pleading the objection of improper venue. In support of her exception, Ms. Clark argued *882 that Mr. Clark's action was one to change visitation, not custody. Ms. Clark averred that the venue rule upon which Mr. Clark relied, LSA-C.C.P. art. 74.2 B, governs actions for changes of custody and is inapplicable to proceedings to change visitation.
Thereafter, Mr. Clark filed a supplemental and amending petition, seeking a change of custody, and alternatively, visitation privileges.
The trial court overruled Ms. Clark's declinatory exception pleading the objection of improper venue. Ms. Clark now appeals from this adverse judgment, raising the following issue:
Is the 22nd Judicial District Court, St. Tammany Parish, Louisiana, a court of proper venue under the provisions of LSA-C.C.P. [art.] 74.2 for the action instituted by Mr. Clark (1) seeking a modification of the Caddo Parish Court Judgment of April 28, 1987 which suspended his visitation privileges under LSA-C.C. art. 147 and (2) seeking specified visitation privileges?

VENUE
Jurisdiction is a separate and distinct legal concept from venue. Sims v. Sims, 388 So.2d 428, 430 (La.App. 2nd Cir.), writ denied, 394 So.2d 612 (La.1980). Jurisdiction is the power and authority of a court to hear and determine an action or proceeding and to grant the relief to which the parties are entitled. LSA-C.C.P. art. 1. If jurisdictional requirements are met, courts throughout the state have the legal power and authority to hear the case; however, not all courts with jurisdiction are in the proper venue. See Comment, Louisiana's New Venue Law for Child Custody Suits: A Critique, 45 La.L.Rev. 107, 108-09 (1984).
Venue is not concerned with the power and authority of a court. Venue means the parish where an action or proceeding may be brought and tried under the rules regulating the subject. LSA-C.C.P. art. 41; Fogleman Truck Line, Inc. v. Southern Bulk Carriers, Inc., 532 So.2d 226, 227 (La.App. 3rd Cir.1988); Sims v. Sims, 388 So.2d at 430.
In 1983, LSA-C.C.P. art. 74.2 was enacted to provide a venue for proceedings to obtain custody or to change custody. Fournier v. Fournier, 475 So.2d 400, 401 (La.App. 1st Cir.), writ denied, 477 So.2d 1130 (La.1985). See also LSA-C.C.P. art. 74.2, Official Comment (a). LSA-C.C.P. art. 74.2, which addresses proceedings concerning custody, support, and forum non conveniens, provides as follows:
A. A proceeding to obtain the legal custody of a minor or to establish an obligation of support may be brought in the parish where a party is domiciled or in the parish of the last matrimonial domicile.
B. A proceeding for change of custody may be brought in the parish where the person awarded custody is domiciled or in the parish where the custody decree was rendered. If the person awarded custody is no longer domiciled in the state, the proceeding for change of custody may be brought in the parish where the person seeking a change of custody is domiciled or in the parish where the custody decree was rendered.
C. A proceeding for modification of support may be brought in the parish where the person awarded support is domiciled or in the parish where the support award was rendered. If the person awarded support is no longer domiciled in the state, the proceeding for modification of support may be brought in the parish where the other person is domiciled or in the parish where the support award was rendered.
D. For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the custody or support proceeding to another court where the proceeding might have been brought.
Ms. Clark concedes that, if Mr. Clark's suit is characterized as a proceeding to change custody, under LSA-C.C.P. art. 74.2 venue is proper in the parish where the custody decree was rendered (Caddo *883 Parish) or in the parish where the person awarded custody (Ms. Clark) is domiciled (St. Tammany Parish). See St. Amant v. St. Amant, 564 So.2d 1312, 1315 (La.App. 1st Cir.), writ denied, 567 So.2d 622 (La. 1990); Petrovich v. Petrovich, 562 So.2d 933 (La.App. 5th Cir.), writ denied, 566 So.2d 985 (La.1990). However, Ms. Clark contends that Mr. Clark's action seeking reinstatement of visitation rights is not governed by the venue rules for custody proceedings under LSA-C.C.P. art. 74.2. Ms. Clark argues that "[a]bsent a legislative modification, the court that renders a judgment has the exclusive jurisdiction to modify it or annul it."
Louisiana jurisprudence has long treated visitation as a species of custody. Maxwell v. LeBlanc, 434 So.2d 375, 377 (La.1983). Moreover, jurisprudence has described visitation as an adjunctive custodial relationship. Thompson v. Thompson, 559 So.2d 4, 6 (La.App. 1st Cir.1990); Steagall v. Steagall, 442 So.2d 732, 735 (La.App. 1st Cir.1983). See also Downey v. Downey, 183 La. 424, 164 So. 160, 161 (1935); Kreshel v. Kreshel, 326 So.2d 887, 888 (La.App. 2nd Cir.1976); Lewis v. Lewis, 148 So.2d 420, 421 (La.App. 1st Cir.1962), writ refused, 244 La. 129, 150 So.2d 588 (1963).
Mr. Clark's pleadings involve a request to change the restrictions on his visitation privileges, an aspect of a custody decree. As such, Mr. Clark's suit is governed by the provisions of LSA-C.C.P. art. 74.2 B. Mr. Clark filed suit in the parish of the domicile of the custodial parent, which is one of the proper venues set forth in LSA-C.C.P. art. 74.2 B.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, overruling Ms. Clark's declinatory exception pleading the objection of improper venue, is affirmed. Costs of this appeal are assessed to Ms. Clark.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 147 was redesignated LSA-C.C. art. 133 in 1990. The article provides for restriction of visitation as follows:

A. Whenever the court finds by a preponderance of the evidence that a parent has subjected his or her child to cruel physical abuse, or sexual abuse or exploitation, the court shall prohibit visitation between the abusive parent and the abused child until such parent proves that visitation would not cause physical, emotional, or psychological damage to the child. Should visitation be allowed, the court shall order such restrictions, conditions, and safeguards necessary to minimize any risk of harm to the child. All costs incurred in compliance with the provisions of this Article shall be borne by the abusive parent.
B. When visitation has been prohibited by the court pursuant to Paragraph A, and the court subsequently authorizes restricted visitation, the parent whose visitation has been restricted shall not remove the child from the jurisdiction of the court except for good cause shown and with the prior approval of the court.