696 So.2d 273 (1997)
Wilfredo LOPEZ
v.
AFRAM LINES (USA) CO., LTD.
No. 96-CA-2832.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1997.
Charles B. Colvin, Randy J. Ungar, George W. Byrne, Jr., Randy J. Ungar & Associates, New Orleans, for Plaintiff-Appellant.
J. Dwight LeBlanc, III, Frederick T. Greschner, Jr., Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Defendant-Appellee.
Before BARRY and KLEES and JONES, JJ.
JONES, Judge.
Plaintiff, Wilfredo Lopez, a resident of Puerto Rico, filed this seaman's case in the Civil District Court for the Parish of Orleans pursuant to the provisions of the Jones Act and the Savings to Suitors Clause. Named as the sole defendant in the litigation was Afram Lines (USA) Co., Ltd (AFRAM), a foreign corporation which plaintiff alleged was doing business in "this district and state". Plaintiff alleged that while employed as a seaman aboard the S.S. GALVESTON BAY, a vessel owned and operated by AFRAM, he sustained an injury to his spine while lifting lines aboard the vessel. According to plaintiff's petition, the accident occurred while the vessel was at anchor at Southend, England, United Kingdom and was caused by the negligence of the defendant, AFRAM and the unseaworthiness of the vessel. Plaintiff sought damages, together with maintenance and cure and all other equitable relief.
AFRAM was served with a copy of the petition pursuant to the provisions of La. R.S. 13:3201, et seq. (Louisiana's long-arm statute). AFRAM filed declinatory exceptions of improper venue and lack of in personam jurisdiction. In support of the exception of improper venue, AFRAM attached a memorandum and a notarized affidavit signed by Gerald A. Gallion, its corporate counsel, stating that AFRAM is a Delaware corporation with its principal place of business in Port Arthur, Texas; AFRAM is not licensed to do business in the State of Louisiana and has no offices in the State of Louisiana or in the Parish of Orleans. The trial court maintained the exception of Improper Venue and dismissed plaintiff's claims against AFRAM, without prejudice pursuant to LA. C.C.P. art. 121.
The sole issue presented in this appeal is whether venue is proper in Civil District Court for the Parish of Orleans in a case brought by a foreign plaintiff against a foreign defendant, arising from an accident occurring at a foreign situs.
Plaintiff argues that because personal jurisdiction is proper pursuant to the provisions of La. R.S. 13:3201, et. seq., an appropriate *274 venue must also be established. Plaintiff asserts that if a court has jurisdiction, it also has the power and authority to hear the case. In support of this proposition, plaintiff cites Clark v. Clark, 600 So.2d 880 (La.App. 1st Cir.), writ denied, 604 So.2d 1305 (1992). Plaintiff's reliance upon Clark is misplaced. In Clark, the Court recognized the differences between jurisdiction and venue. More specifically the court stated:
Jurisdiction is a separate and distinct legal concept from venue. Sims v. Sims, 388 So.2d 428, 430 (La.App. 2nd Cir.), writ denied, 394 So.2d 612 (La.1980). Jurisdiction is the power and authority of a court to hear and determine an action or proceeding and to grant the relief to which the parties are entitled. LSA-C.C.P. art. 1. If jurisdictional requirements are met, courts throughout the state have the legal power and authority to hear the case; however, not all courts with jurisdiction are in the proper venue. See Comment, Louisiana's New Venue Law for Child Custody Suits: A Critique, 45 La. L.Rev. 107, 108-09 (1984).
Venue is not concerned with the power and authority of a court. Venue means the parish where an action or proceeding may be brought and tried under the rules regulating the subject. LSA-C.C. P. art. 41; Fogleman Truck Line, Inc. v. Southern Bulk Carriers, 532 So.2d 226, 227 (La.App. 3rd Cir.1988); Sims v. Sims, 388 So.2d at 430.
Id. at 882.
The only conclusion which can properly be reached from a careful reading of Clark is that not only is it necessary for a court to have personal jurisdiction over a defendant and the subject matter, but the action must also be brought in a parish of proper venue. The court in Clark specifically recognized, "[N]ot all courts with jurisdiction are in the proper venue."
La. R.S. 13:3203 provides:
Sec. 3203. Venue
A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42.
La. R.S. 13:3201 provides:
Sec. 3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state.
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if at the time of placing the product into the stream of commerce, the manufacturer could have foreseen, realized, expected, or anticipated that the product may eventually be found in this state by reason of its nature and the manufacturer's marketing practices.
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
*275 Since plaintiff is a resident of Puerto Rico, the venue provisions of the Long Arm Statute do not apply. Nor do La. C.C.P. arts. 73 and 74 apply since AFRAM is the only defendant being sued and the defendant's wrongful conduct did not occur in this State.
The cause of action did not arise in Louisiana and neither the plaintiff nor defendant is domiciled in Louisiana. No legal or equitable reasons exist to justify a search for a theory to confer venue, where the articles provide for none. There is no connexity whatsoever with the State of Louisiana to justify the exercising of venue in this case. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.