JaSCHOTT, Chief Judge.
On the application of Brent Transportation Company we grant certiorari in order to *699 consider the validity of a judgment of the trial court overruling relator’s exception of venue. We reverse.
Plaintiff, Robert Head, is a Mississippi resident who was injured while working as a seaman aboard the vessel MN Leviticus, owned and operated by defendant, Brent Transportation Company (hereinafter “relator”). Relator is incorporated in Delaware and has its principal place of business in Houston, Texas.[1] It is.not licensed to do business in Louisiana and has no office in Louisiana. Plaintiff sustained his alleged injury somewhere on the upper Mississippi River near St. Louis. Plaintiff sued relator for damages in Civil District Court for the Parish of Orleans pursuant to the Jones Act and the Savings to Suitors clause, 28 U.S.C. Section 1383(1). Relator was served via Louisiana’s Long-Arm Statute, La. R.S. 13:3201, et seq.
In response to plaintiffs petition, relator filed Exceptions of Improper Venue, Vagueness or Ambiguity of Petition, and No Cause of Action which the trial court overruled. Relator filed this writ application and requested that this court tissue a stay order. On May 28, 1998 this court issued such stay. Although the application addresses the exceptions of venue, vagueness, and no cause of action our sustaining of the exception of venue renders the other exceptions moot.
This case is on all fours with Lopez v. Afram Lines (USA) Co., Ltd., 96-2832 (La. App. 4 Cir., 6/11/97) 696 So.2d 273 where the sole issue was whether venue was proper in the Civil District Court for the Parish of Orleans in a ease brought by a foreign plaintiff against a foreign defendant arising from an accident that occurred in a foreign place. The court affirmed the judgment of the court sustaining the defendant’s exception of venue. As here plaintiff attempted to avoid the venue issue by serving the defendant under the Louisiana long-arm statute, LSA-R.S. 13:3201 et seq., and arguing that such service and jurisdiction somehow abrogated the. law and rules of venue. The court clearly rejected that argument.
Plaintiff makes the novel argument here that venue is conferred by CCP Art. h2(5) which provides that action against a foreign corporation not licensed to do business in the state and having no agent for the service of process here may be brought in a parish where the process may be, and subsequently is, served on the defendant. He argues that service under the long arm statute is somehow equivalent to the service of process on the defendant in Orleans Parish. This argument fails to recognize that service on this defendant under the long arm statute did not occur until it was delivered to the defendant outside of Louisiana. Consequently, Art. 42(5) is not applicable.
We recognize that R.S. 13:3203 was amended by Act 1056 of 1997, subsequent to the Lopez decision. However, that amendment made no substantial change in the law. As written prior to the amendment, the statute provided: “A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish Lwhere the plaintiff is domiciled, or in any parish of proper venue under . any provision of the Louisiana Code of Civil Procedure other than Article 42.” The amendment deleted the closing language, “under any provision, etc.” According to the official revision comment the amendment simply eliminated the unnecessary prohibition on the use of Article 42 for proper venue. In other words the' prohibition is there without the necessity of the specific reference to Article 42.
Accordingly, the judgment of the trial court is reversed .and set aside. There is judgment in favor of the defendant, Brent Transportation Corporation, and against plaintiff Robert Head, sustaining the defendant’s exception of venue, and dismissing plaintiffs suit at his cost. As in the Lopez case the dismissal of the suit is without prejudice. The stay order issued herein is recalled.
REVERSED AND RENDERED.

. Brent Transportation Corporation is now named Kirby Inland Marine, Inc. of Mississippi. Its principal place of business remains in Houston, Texas.