746 So.2d 633 (1999)
Nelda GARCIA, et al.
v.
POSEIDON SHIPPING CO. LTD. and Neptune Maritime Co. of Monrovia.
No. 99-CA-0322.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1999.
Paul H. Dué, Donald W. Price, Due, Caballero, Price & Guidry, Baton Rouge, and Russ M. Herman, Richard E. King, Herman, Herman, Katz & Cotlar, LLP, New Orleans, and George J. Pavlakis, Pavlakis & Partners, Piraeus, Greece, Counsel for Plaintiff/Appellant.
John H. Clegg, Daphne P. McNutt, Gina M. Venezia, McGlinchey Stafford, LLC, *634 New Orleans, Counsel for Defendant/Appellee (Poseidon Shipping Co., Ltd.).
Court composed of Judge MOON LANDRIEU, Judge MICHAEL E. KIRBY, Judge ROBERT A. KATZ.
LANDRIEU, Judge.
Nelda Garcia appeals the district court's judgment maintaining the defendants' exception of improper venue. We affirm.
Ms. Garcia filed this wrongful death suit as the personal representative of eighteen deceased foreign crewmen who lost their lives in August of 1991 when the oceangoing vessel MELETE sank in the Indian Ocean. The MELETE flew the flag of Greece and was at all relevant times owned and operated by defendants, Poseidon Shipping Co., Ltd., a Greek corporation, and Neptune Maritime of Monrovia, a Liberian Corporation. Neither defendant is qualified to do business in Louisiana nor has any offices in this state or anywhere in the United States. None of the beneficiaries of the decedents has ever lived in Louisiana or owned property here; in fact, seven of the decedents were Greek residents and the other eleven were Filipino residents, and all of their beneficiaries live in either Greece or the Philippines.
Ms. Garcia, who is a naturalized citizen of the United States domiciled in New Orleans, is not related to any of the decedents or their beneficiaries. As a former official with the Philippine Consulate in New Orleans, Ms. Garcia was approached by a Baton Rouge attorney and asked to serve as the "administratrix" of the succession of these foreign decedents in exchange for a fee. According to her deposition testimony, Ms. Garcia knows nothing about the decedents, their deaths, their families, or the facts of this case. She understands that she was asked to represent these successions only because she resides in Orleans Parish, and a Louisiana resident was needed in order to institute suit in this state.
After the August 1991 casualty, all of the actual beneficiaries of the decedents settled their claims with defendants and executed releases in Greece and the Philippines. Several years later, Ms. Garcia was appointed provisional ancillary administratrix of the decedents' successions in eighteen separate ancillary succession proceedings brought in civil district court in Orleans Parish. Then, in 1995, Ms. Garcia, as personal representative of the decedents, brought the instant wrongful death suit in Orleans parish against the defendants, alleging their liability as owners and operators of the vessel MELETE for its unseaworthiness and also alleging negligence under the Jones Act.
After receiving copies of plaintiffs suit via mail in Greece, defendants retained Louisiana counsel and filed various exceptions. They first moved for hearing on their dilatory exception of lack of procedural capacity, in which they argued that the ex parte orders appointing Ms. Garcia as administratrix were absolutely null because the Louisiana courts had lacked subject matter jurisdiction to open ancillary succession proceedings on behalf of the Greek and Filipino decedents. The trial court overruled the exception. After granting defendants' application for supervisory writs, this court reversed the trial court and held that the orders appointing Ms. Garcia as administratrix were absolute nullities. This court therefore dismissed Ms. Garcia's petition for want of procedural capacity. However, on rehearing, the court amended its order to permit Ms. Garcia to attempt to cure the defect in her capacity as provided by Louisiana Code of Civil Procedure article 933.
Accordingly, plaintiff amended her petition to allege that she has procedural capacity under La. R.S. 13:331, which provides:
When a right of action to recover damages for the wrongful death of a non-resident vests in the administrator or executor appointed or confirmed by a court of the domicile of *635 the deceased, this administrator or executor may institute and prosecute the claim without the necessity of qualifying as ancillary administrator or executor.
In the amended petition, plaintiff alleged she had been appointed as the personal representative of the eighteen decedents' estates by courts of proper jurisdiction in Greece and Philippines. Defendants reurged their exception of lack of procedural capacity, and also set for hearing their previously filed exception of improper venue. After hearing both matters, the trial court rendered judgment on September 11, 1998, granting defendants' exception of improper venue. In her Reasons for Judgment, the trial judge stated expressly that she was foregoing a decision on the exception of lack of procedural capacity because it was moot.
On appeal, plaintiff argues that the trial court erred in failing to consider and to deny defendants' exception of lack of procedural capacity. According to plaintiffs argument, because she now has procedural capacity and is the "only" proper party to bring suit, her domicile is automatically a parish of proper venue under La. R.S. 13:3203. This argument is specious.
Although the trial court pretermitted the issue of procedural capacity, we find that plaintiffs allegations, on their face, fail to support her argument that she has procedural capacity pursuant to R.S. 13:331. Even accepting as true plaintiffs contention that she has been appointed as the "personal representative" or "liquidator" of the decedents by the foreign courts, she has produced no document naming her either the executor or the administrator of any of the decedents' estates, as is specifically required by R.S. 13:331.
Moreover, plaintiffs procedural capacity to bring suit is not necessarily determinate of, or even relevant to, the issue of venue. In the judgment appealed from, the district court granted defendants' exception of improper venue, finding that the pertinent statute, R.S. 13:3203, did not authorize venue in Orleans Parish under the facts of this case. We agree.
R.S. 13:3203, entitled "Venue," provides:
A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue.
R.S. 13:3201, the so-called "long-arm statute," provides:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this state.
(3) Causing injury or damage by an offense or quasi offense committed...in this state.
(4) Causing injury or damage in this state by an offense or quasi offense committed...outside of this state if he regularly does or solicits business...or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support of a child, parent, spouse or former spouse domiciled in this state....
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state, if, at the time of placing the product into the stream of *636 commerce, the manufacturer could have foreseen ...that the product may eventually be found in this state....
B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.
It is undisputed that none of the causes of action enumerated in Subsection A is consistent with the facts of the instant case. Accordingly, the trial court concluded that the language of R.S. 13:3203, limiting its provision of venue to "a suit on a cause of action described in R.S. 13:3201," contemplated only the eight causes of action listed in Subsection A. In her Reasons for Judgment, the trial judge noted that Subsection B does not describe particular causes of action, but merely codifies the legislative intent to not limit situations in which the court may exercise personal jurisdiction. Therefore, she concluded that R.S. 13:3203 does not provide a basis for venue in the instant case.
We agree with the trial court's interpretation of the statute. Jurisdiction is a separate and distinct legal concept from venue. Sims v. Sims, 388 So.2d 428, 430 (La.App. 2nd Cir.1980), writ denied, 394 So.2d 612 (La.1980). The fact that a suit may be brought in Louisiana under the long-arm statute does not necessarily mean that there exists a court of proper venue in this state.
In a recent decision, this court affirmed that the assertion of personal jurisdiction over a nonresident by means of the long-arm statute is not in itself sufficient to establish venue. In Lopez v. Afram Lines (U.S.A.) Co., Ltd., 96-2832 (La.App. 4 Cir. 6/11/97), 696 So.2d 273, this court held that venue was not proper in Orleans Parish where suit was brought by a foreign plaintiff against a foreign defendant, arising from a maritime accident at a foreign situs. The court rejected plaintiffs argument that if personal jurisdiction has been established pursuant to R.S. 13:3201, there must also be an appropriate venue in this state, noting:
The cause of action did not arise in Louisiana and neither the plaintiff nor defendant is domiciled in Louisiana. No legal or equitable reasons exist to justify a search for a theory to confer venue, where the articles provide for none. There is no connexity whatsoever with the State of Louisiana to justify the exercising of venue in this case.
Id. at p. 4, 696 So.2d at 275.
Similarly, in the instant situation, where the plaintiff is a paid representative chosen exclusively for the purpose of bringing suit in this particular forum, we decline to stretch the interpretation of R.S. 13:3203 in order to confer venue where none exists.
Accordingly, for the reasons given, we affirm the judgment of the trial court.
AFFIRMED.