11 McKAY, J.
This case arises out of the sinking of the M/V NAGOS off the coast of South Africa on or about May 26, 1993, during which several foreign nationals who were members of the crew perished.
On May 24, 1996, the plaintiff in this case, Nelda Garcia, filed suit against the defendants, Bureau Veritas, S.A. and Bureau Veritas Quality International (North America) Inc. among others, in the Civil District Court for the parish of Orleans. Ms. Garcia, who was retained by the plaintiffs counsel to act as the personal representative of the estates of the decedents, formerly worked at the Philippine Consulate in New Orleans and presently resides in New Orleans. The suit raised claims under both the Jones Act and the general maritime law. Although Ms. Garcia filed the suit as the personal representative of the deceased crewmembers’ estates, she has neither been appointed as the personal representative by any court, nor has she instituted any proceedings to be appointed as such.
| JFhe defendants filed exceptions of improper venue, prescription and lack of procedural capacity. A hearing on the exceptions was held on March 12, 1999. In its ruling from the bench, the trial court granted the exception of improper venue and pretermitted the exceptions of prescription and lack of procedural capacity. On March 15, 1999, the trial court signed a judgment granting both the exceptions of improper venue and prescription. However, on March 31, 1999, the trial court vacated its judgment of March 15, 1999 and *1001 issued a new judgment granting only the exception of improper venue and dismissing the case with prejudice at the plaintiffs cost. It is from this judgment that the plaintiff now appeals.
The issue before this Court is whether the trial court erred in concluding that Orleans Parish is an improper venue.
Although the trial court preter-mitted the issue of procedural capacity, it is unlikely that the plaintiff has the procedural capacity to bring this action. Under the Jones Act, only the personal representative may bring an action to recover for the death of a seaman. “It is well settled that an action under the Jones Act, DO-SHA and the general maritime law must be instituted by the personal representative of the decedent for and on behalf of the appropriate beneficiaries.” Benoit v. Fireman’s Fund Insurance Company, 355 So.2d 892, 895 (La.1978). “[T]he term personal representative requires some designation by a court that the individual seeking to prosecute the wrongful death action is an administrator of the decedent’s estate.” In Re: Cosmopolitan Shipping Co., S.A., 453 F.Supp. 265, 266 (S.D.N.Y.1978). Accordingly, it does not appear that Ms. Garcia has the ^procedural capacity to bring this action. Ms. Garcia even admits that she has never been appointed as the personal representative of any of the estates of the deceased crewmen.
We now turn our attention to the issue of venue itself. In this case, the decedents perished in a maritime accident off the coast of South Africa. The decedents and their survivors are all foreign nationals. The named defendants are all foreign corporations. The only connection that this case has with Louisiana is that the purported personal representative of the decedents’ estates happens to reside in Orleans Parish. The purported personal representative never met the decedents nor has she met their survivors; she was merely retained by plaintiffs counsel to file this suit. In any event, the plaintiffs only venue argument must be based on the Louisiana long-arm statute, La. R.S. 13:3201, et seq.
In Lopez v. Afram Lines (U.S.A.) Co., Ltd., 96-2832 (La.App. 4 Cir. 6/11/97), 696 So.2d 273, this Court affirmed that the assertion of personal jurisdiction over a nonresident by means of the long-arm statute is not in itself sufficient to establish venue. The fact that a suit may be brought in Louisiana under the long-arm statute does not necessarily mean that there exists a court of proper venue in this state. Garcia v. Poseidon Shipping Co. Ltd., 99-0322 (La.App. 4 Cir. 10/6/99), 746 So.2d 633. Jurisdiction is a separate and distinct legal concept from venue. Sims v. Sims, 388 So.2d 428, 430 (La.App. 2 Cir.), writ denied, 394 So.2d 612 (La.1980).
In Garcia v. Poseidon Shipping Co. Ltd., 99-0322 (La.App. 4 Cir. 10/6/99), 746 So.2d 633, which involves the same plaintiff as the plaintiff in the instant case in a similar situation, this Court stated: “where the plaintiff is a paid representative chosen exclusively for the purpose of bringing suit in this particular forum, we decline to stretch the interpretation of R.S. 13:3203 in order to confer venue where none exists.” Similarly, there is no con-nexity with the state of Louisiana to justify the exercising of venue in the instant case. Although there are flags of convenience in the world of international shipping, there are not plaintiffs of convenience in Louisiana courts. Accordingly, we find no error in the trial court’s granting of the defendants’ exception of improper venue and its dismissal with prejudice of the plaintiffs case.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.