WILLIAMS, J.
hThe appellant, Louisiana Public Defender Board (“LPDB”), appeals a judgment ordering LPDB to pay compensation to the former counsel of the defendant, Kenneth Willis, and to pay the reasonable expenses incurred by the Capital- Assistance Project of Louisiana (“CAPOLA”) for the representation of: the defendant during the period after expiration of the contract with LPDB. For the following reasons, we reverse in part and affirm in part, .
FACTS
In 2007, the legislature passed the Louisiana Public Defender Act, LSA-R.S. 15:141, et seq., which requires the LPDB to hire and compensate qualified counsel to represent indigent defendants throughout the state. To meet this obligation, LPDB entered into contracts with nonprofit entities, including CAPOLA, which hired attorneys to provide ■criminal defense services in capital cases. LPDB’s contract with - CAPOLA, for the 2014 fiscal year commenced on July 1, 2013. Under the contract, CAPOLA received the amount of $1,299,788 in public funds to provide legal services for the..fiscal year. The LPDB did not renew CAPOLA’s contract, which expired on June 30, 2014, after which CA- *88 POLA did not receive any additional funds from LPDB.
At the time the contract expired, CAPO-LA was representing clients in four capital murder cases, including the defendant in this case. Pursuant to the contract, CA-POLA agreed to continue to, represent defendants in matters pending when the contract expired and LPDB agreed to pay CAPOLA for such legal services at a rate equivalent to that stated in the contract. After ^expiration of the contract, CAPO-LA attorneys continued to represent defendant, but LPDB did not pay additional funds to CAPOLA for these legal services. LPDB asserted that CAPOLA possessed sufficient, funds.in its reserve' account from prior payments to continue to represent defendant until new counsel was hired without additional payments by LPDB.
In July and August 2014, CAPOLA attorneys Waltman and Richey filed motions to continue defendant’s trial raising a number of grounds, including the inability of defense counsel to hire necessary expert witnesses due to LPDB’s failure to provide funds for that purpose. At the hearing on the motions for continuance, the LPDB’s capital’ case coordinator, Jean Faria, testified regarding LPDB’s protocols for funding indigent capital defense in the state, the funds provided by LPDB for defendant’s representation, the contractual relationship-with CAPOLA and LPDB’s efforts to obtain substitute counsel for defendant.
In a written ruling,’ the district court found that the LPDB had failed to fulfill its obligation to provide counsel for defendant and to notify the court of the termination -of CAPOLA’s legal services contract. In addition, the court found that the LPDB’s regulatory authority to provide legal services for indigent defendants was subject to the supreme court’s authority to regulate the practice of law, and that the court’s inherent power to require an attorney to represent an indigent includes the ability to order a state actor to pay counsel fees and necessary expenses.
Based on its findings, the district court granted the defense motion for a continuance and attorney Waltman’s motion to withdraw as co-counsel for ^defendant. The court also ordered LPDB to pay attorney Waltman for the-legal services'that he had rendered to defendant after resigning from CAPOLA, to pay CAPOLA the reasonable expenses incurred for representation of defendant after expiration of the contract and to retain new counsel for defendant. LPDB filed a motion for new trial, alleging that under the terms of the expired contract LPDB was the sole source of CAPOLA’s funding' and that upon termination, CAPOLA was prohibited'from using its cash reserves for any purpose other* than continuing to provide representation for indigent defendants. The district court denied the motion, finding, that CAPOLA was entitled to compensation for each month that legal ■ services were provided after the contract expired. LPDB filed an, application for a supervisory writ, with this court. Finding that the district court’s orders constitute a final judgment,..this court granted the writ application and ordered the record lodged for appeal. State v. Willis, 49,940 (La.App.2d Cir.3/12/15).
DISCUSSION
The LPDB contends the district court erred in ordering it to pay additional funds to CAPOLA for expenses incurred after their contract expired and to pay attorney Waltman for representation of defendant. The LPDB argues that the court lacked jurisdiction to order such payments because LPDB was not a party to' the criminal proceeding.
*89 The Louisiana' Supreme Court, in the exercise of its constitutional authority and supervisory jurisdiction, has the power to take corrective measures to ensure that indigent defendants are provided' with their | constitutional and statutory rights. State v. Citizen, 2004-1841 (La.4/1/05), 898 So.2d 325. When counsel is appointed for an indigent defendant and the funds to cover expenses are not immediately available, the appointed attorney may file a motion to determine funding and if the trial court determines that adequate funds are not available, then the defendant may file a motion to halt the prosecution. Citizen, supra.
The Louisiana Public Defender Act, LSA-R.S. 15:141, et seq, provides that except for the inherent authority of the Louisiana Supreme Court to regulate the practice of law, th¿ LPDB shall have all regulatory authority, control, supervision and jurisdiction, and all powers incidental thereto, concerning the delivery of public defender services throughout the courts of this state. LSA-R.S. 15:147(A). LPDB is obligated to ensure that public funding for defense counsel be provided in a “cost-effective and fiscally responsible manner.” LSA-R.S. 15:142(B)(1). LPDB shall incur liabilities, within available fiscal limits, as are necessary to the efficient regulation of delivering public defender services. LSA-R.S. 15:147(B)(6).
In the present case, the matters before the court were the defendant’s motion to continue trial and attorney Waltman’s motion to withdraw. Neither the LPDB nor CAPOLA were parties before the court in the criminal proceeding. Faria was called as a witness by the defendant at the hearing on the motion for continuance and was not representing LPDB. The court specifically noted that Faria was present in her “capacity as a witness. I know you have an interest in representing the Board; however, you are not doing so in regards to this motion.” In addition, the LPDB was not given [¿notice that it could be subject to liability for payment.
In support of its ruling, the district court cites State in Interest of Johnson, 475 So.2d 340 (La.1985), which provides that a court’s power to furnish counsel for indigents includes the power to issue an order requiring the state to provide for the payment of counsel fees and expenses. However, our situation is. not like that of the Johnson case, which involved court-appointed counsel for indigent parents and the issue was the source of funds for attorney fees. Here, in contrast, the LPDB had provided counsel for defendant through the contract with CAPOLA and had paid over one million dollars in public funds to CAPOLA for indigent defense, including the representation of defendant.
 The courts, have, authority to protect the constitutional and .statutory rights of indigent defendants.. In this case, the district court performed this role by granting the defendant’s motion for continuance and ordering that LPDB secure substitute counsel for the lead defense attorney, who would be withdrawing from the case. However, the district court went beyond these necessary steps in ordering LPDB to pay additional funds to CAPOLA when these contracting entities were not parties before the court and there is apparently some dispute between them as to whether the public funds already paid by LPDB were sufficient to cover the indigent defense services provided by CAPOLA after the termination of their contract. In addition, before attorney Waltman sought to withdraw, he was representing the defendant as a result of his contract with CAPOLA and any claim he has for compensation for such services should first be addressed to CAPOLA.
*90 |fiBased upon this record, we shall reverse that part of the district court’s order requiring LPDB to pay additional funds as invoiced by CAPOLA and attorney Wait-man because such action is not necessary to preserve the defendant’s constitutional rights in this case. We shall affirm that part of the court’s order granting defendant’s motion for continuance, granting attorney Waltman’s motion to withdraw and directing LPDB to appoint new counsel.
CONCLUSION
For the foregoing reasons, that part of the district court’s ruling ordering the LPDB to pay attorney Waltman for services performed after termination of his contract with CAPOLA and ordering the LPDB to pay additional funds to CAPOLA for costs incurred after the expiration of their contract is reversed; that part of the ruling granting defendant’s motion for continuance, granting attorney Waltman’s motion to withdraw and directing LPDB to appoint new counsel is affirmed. Costs of this appeal are assessed to the appellee, CAPOLA.
REVERSED IN PART; AFFIRMED IN PART.