McCLENDON, J.
12Pefendants appeal a trial court judgment that granted plaintiffs petition for injunctive relief. In a related writ application, which has been assigned to this appeal panel, defendants challenge the trial court’s denial of their exception raising the objection of lack of subject matter -jurisdiction. For the reasons that follow, we grant the writ application and reverse .the trial court’s judgment to the extent it granted the plaintiffs petition for injunc-tive relief.
FACTS AND PROCEDURAL HISTORY
The 1st Judicial District Public Defender’s Office for Caddo Parish (“PDO”) experienced a 30 percent drop in locally generated funds during the first six months of the 2015 fiscal year, resulting in a budget shortfall of approximately $390,000 of a *524 $1,345,254 budget. In a February 27, 2015 letter, Alan J. Golden, a 1st Judicial District Public Defender, notified the Louisiana Public Defender Board (“the Board”) that due to the funding shortfall, the 1st JDC’s PDO had developed a Restriction of Services Plan (“the Plan”) pursuant to LAC 22:XV, Chapter 17, Section 1717. The Plan explained that the PDO depends on a combination of funds from the state, grants from the Board, and locally generated revenues for its operation. Under the Plan, the 1st JDC conflicts panel, to which cases would be referred when the district public defender staff counsel could not represent an indigent defendant due to a conflict, would be eliminated.[1] To replace the conflicts panel, the Plan proposed that the PDO would prepare a “Roster” of attorneys and a “Volunteer Panel” of experienced counsel from which the district judges could appoint substitute counsel when the PDO faced a conflict. The Plan was announced to the 1st JDC judges in March 2015, and became effective April 1, 2015.
Subsequently, one of the defendant judges of the 1st JDC determined that the defendant in a pending criminal case, State v. Arkansas, No. 330,655, was indigent and therefore entitled to appointed counsel. However, he recognized a [ ¡¡potential conflict in the appointment of the Indigent Defender’s Office and signed a March 11, 2015 order directing the Board to appoint substitute counsel for the defendant or show cause why it could not.
On March 26, 2015, the Board filed a “Notice to the Court” advising the 1st JDC that it did not have additional funding to provide to the PDO through the Direct Assistance Fund, and that it did not have additional funds to independently pay for conflict counsel for Arkansas.
The Board received no further communications from the 1st JDC regarding the matter State v. Arkansas, but during April 2015, the Board began receiving orders in numerous criminal cases pending in the 1st JDC appointing private attorneys as conflict counsel to represent indigent criminal defendants. The Board was directed to pay the private attorney’s overhead expenses and out-of-pocket costs (the “Funding Orders”). The Board was also served with motions to withdraw from counsel appointed by the 1st JDC, several of which related to appointed counsel for whom the Board was not served with an order.
On May 20, 2015, the Board filed a Petition for Injunctive Relief in the 19th JDC against the defendants, the judges of the 1st JDC. Arguing that the Funding Orders are unlawful, the Board requested an injunction prohibiting the enforcement of existing Funding Orders and the issuance of additional Funding Orders. The Board asserted that the Funding Orders were violative of LSA-R.S. 15:147(b)(6) because they required the Board to incur expenses and obligations outside its available fiscal limits.[2] The Board contended that if the Funding Orders were allowed to stand, individual judges and districts could *525 circumvent the uniform standards by ordering payment without determination as to the | Reasonableness of the fees and expenses and without regard to the funds available to the Board to pay such fees and expenses.
As of July 9, 2015, the defendants had issued over 150 Funding Orders identical in form and substance to the Board.
On July 13, 2015, the Board filed a Motion for Preliminary Injunction in the 19th JDC. The Board attached the affidavit of James T. Dixon, a State Public Defender for the Board. The Motion for Preliminary Injunction sought a preliminary injunction directing the Defendants to cease issuing Funding Orders and prohibiting Defendants from issuing additional Funding Orders.
On July 16, 2015, Defendants filed a Declinatory Exception of Lack of Subject Matter Jurisdiction in the 19th JDC. Defendants argued that the 19th JDC, as a district court, does not have jurisdiction to hear a petition for a writ of mandamus against another district court, and such relief is properly sought from a superior court. Defendants argued that although the Board’s petition was not designated as a writ of mandamus, it asked the 19th JDC to test the correctness of the 1st JDC’s decision and therefore the same legal principles applicable to mandamus applied, pursuant to which a district court cannot enjoin another district court.
The trial court held a hearing July 24, 2015 on the Board’s Motion for Preliminary Injunction and Defendants’.Exception of Lack of Subject Matter Jurisdiction. After considering the pleadings submitted by the parties, the evidence presented by the Board and the arguments of counsel, the trial court denied the Defendants’ Exception of Subject Matter Jurisdiction and granted the Board’s Motion for Preliminary Injunction. On July 27, 2015, the trial court signed a written judgment consistent with its oral ruling, which provides in part:
1. The Exception of Lack of Subject Matter Jurisdiction is hereby overruled.
2. The Motion for Preliminary Injunction is hereby granted and Defendants are hereby preliminarily enjoined from enforcing existing orders or issuing additional orders that require [the Board] to provide funding to attorneys appointed by Defendants to represent indigent criminal defendants in non-capital cases.
|BBy the time the preliminary injunction was granted, defendants had issued over 200 Funding Orders identical in form and substance to the Board.
Defendants filed a writ application to seek review of the trial court’s ruling denying their exception of lack of subject matter jurisdiction, which was docketed in this court as 2015 CW 1277. Defendants also filed an appeal to seek review of the trial court’s issuance of the motion for a preliminary injunction. On November 4, 2015, a writ panel referred the writ application to the panel considering this appeal.
In their writ application, the Defendants assert that the trial court erred by holding that the 19th JDC has jurisdiction and legal authority to enjoin the 1st JDC from issuing and enforcing orders in criminal cases pending before it. In their related appeal, for the same reasons asserted in their writ application, the Defendants assert that the 19th JDC improperly granted the Board’s preliminary injunction.
DISCUSSION
The Board asserts that the 19th JDC is the only court of original jurisdiction and of proper venue to consider the propriety *526 of the Funding Orders. Specifically, the Board relies on Louisiana Revised Statute 15:149.1, which provides:
A. The [Louisiana Public Defender Board] shall be domiciled in East Baton Rouge Parish.
B. Notwithstanding any other provision of law to the contrary, the venue for any civil proceeding by or against the board or to which the board is a party shall be East Baton Rouge Parish.
On the other hand, Defendants argue ■ that the legislature’s grant of exclusive venue to the 19th JDC regarding civil proceedings against the Board was not intended to convey jurisdiction to the 19th JDC over all the other district courts in the state. Rather, the Defendants urge that the Board’s remedy, as provided in Louisiana Constitution, Article 5, Section 10(A), was to seek review of |fithe 1st JDC’s decisions by supervisory writ to the Second Circuit Court of Appeal.[3]
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. LSA-C.C.P. art. 41. Many special venue provisions are sprinkled throughout the Code of Civil Procedure and the Revised Statutes. 1 La. Civ. L. Treatise, Civil Procedure § 3:1 (2d ed.). With respect to the venue provision of LSA-R.S. 15:149.1, it appears that exclusive venue for an action by or against the Board is mandatory, and applies “Notwithstanding any other provision of law to the contrary.” See LSA-C.C.P. art. 5053 (“The word ‘shall’ is mandatory; the word ‘may’ is permissive.”) 1 La. Civ. L. Treatise, Civil Procedure § 3:1 and § 3:3(2) (2d ed.). As the Funding Orders constitute a civil action against the Board, the 19th JDC of East Baton Rouge Parish is the district court where venue is proper for such an action pursuant to LSA-R.S. 15:149.1.
Jurisdiction is a separate and distinct legal concept from venue. Clark v. Clark, 600 So.2d 880, 882 (La.App. 1 Cir.), writ denied, 604 So.2d 1305 (La.1992). Jurisdiction is the power and authority of a court to hear and determine an action or proceeding and to grant the relief to which the parties are entitled. LSA-C.C.P. art. 1.
The Louisiana Constitution provides that district courts “have original jurisdiction of all civil and criminal matters” except as otherwise authorized by the constitution or except as provided by law for administrative agency determinations in workers’ compensation matters. LSA-Const. art. 5, § 16. A district court is considered to have general jurisdiction unless specifically denied it. City of Denham Springs v. Perkins, 08-1937 (La.App. 1 Cir. 3/27/09), 10 So.3d 311, 318, writ denied, 09-9871 (La.5/13/09); 8 So.3d 568. Exceptions to the general rule that district courts are vested with original jurisdiction are to be generally construed. Id. The nature of the relief demanded is determinative of a trial court’s subject matter jurisdiction. Id.
The Defendants urge that the 19th JDC cannot grant the Board the relief *527 sought because of the well-established principle that one district court cannot enjoin another. See State v. Rightor, 2 So. 385, 387 (La.1887) (“We are satisfied that no authority or precedent can be found warranting one court of equity to enjoin the proceedings in another court of equity, or to restrain a party or suitor,from filing his complaint therein.”) As such, the Defendants conclude that the 19th JDC does not have subject matter jurisdiction to consider the merits of the Board’s petition seeking injunctive relief.
On the other hand, the Board notes that it was not a party to the nearly 200 criminal cases in which the Funding Orders were issued. The Board avers that the object of those suits was the criminal prosecution of the named defendants. The Board asserts that because it was not a named party in any of those suits, the defendants could not issue orders against it, and thus the Funding Orders are absolutely null. See LSA-C.C.P. art.2002[4]; see also State v. Willis, 50,223 (La.App. 2 Cir. 12/30/15), 185 So.3d 86, 89 (finding that a district court in a criminal case could not order the Board to pay attorney fees because the Board was not a party to the criminal proceedings). The Board notes that a person with interest may show such nullity in collateral proceedings at any time and before any court, for absolutely null judgments are not subject to the venue and the delay requirements of the action of nullity. Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96), 673 So.2d 691, 693. See also Reed v. Louisiana Bd. of Pharmacy, 96-1792 (La.App. 1 Cir. 9/19/97), 700 So.2d 926, 928 (“In this-case, judgment 'was rendered against an entity which was not even a defendant. If there is such a thing as an.absolute, absolute nullity, this case is it.”) The Board'also avers that all regulatory authority statutorily belongs to it under LSA-R.S. Í5:147(A),[5] and the 1st JDC did not have jurisdiction to enter monetary judgments against it in favor of the criminal defendants’ counsel. The Board asserts that under the clear dictates of LSA-R.S. 15:149.1, the 19th JDC was the only court with proper venue and jurisdiction where it could seek redress.
Although the Board avers that the 19th JDC is a court of proper venue and has subject matter jurisdiction to consider whether the Funding Orders are absolute nullities, the Board did not file a declaratory judgment action in the 19th JDC to seek to declare' the Funding Orders absolute nullities. Rather, in its Petition for injunctive Relief, the Board prayed only that the defendants be enjoined from 'enforcing the Funding Orders and from issu *528 ing further Funding Orders. Similarly, in its Motion for Preliminary Injunction, the Board sought only to enjoin the defendants from issuing Funding Orders. While the 19th JDC would be a court of proper venue and have subject matter jurisdiction to consider whether the Funding Orders are absolute nullities, the nature of the relief demanded is determinative of a trial court’s subject matter jurisdiction. City of Denham Springs v. Perkins, 10 So.3d at 318. The only relief the Board sought was injunctive in nature, requesting that the 19th JDC enjoin actions of the judges in the 1st JDC.
| ^Absent enforceable legislative authorization clearly granting the 19th JDC authority to enjoin another court from issuing orders, under long established legal principles, it has no power to do so. “[I]t is one thing for a court to merely hold null another’s judgment, and quite a different thing for one court to enjoin another.” Maryland National Ins. Co. v. Garrison, 233 So.2d 32, 33 (La.App. 4 Cir.), writ refused, 256 La. 251, 236 So.2d 30 (1970). “Holding a court’s judgment null is merely to ignore it; enjoining the court is telling it how to conduct its business, which function [generally] belongs only to a court with appellate or supervisory jurisdiction.” See Id. Accordingly, Louisiana Revised Statutes 15:149.1, as currently written, does not confer authority on the 19th JDC nor this court to enjoin judges of the -1st JDC from issuing the Funding Orders in question.[6]
CONCLUSION
In light of the foregoing, we grant the writ finding that the 19th JDC had no subject matter jurisdiction to grant the injunctive relief ordered. We also reverse the trial court’s judgment enjoining the Defendants from enforcing existing orders or issuing additional orders that require the Board to provide funding to attorneys appointed by Defendants to represent indigent criminal defendants in non-capital cases. Costs of this appeal in the amount of $1,770.50 are assessed against the Louisiana Public Defender Board.
WRIT GRANTED; JUDGMENT GRANTING INJUNCTIVE RELIEF REVERSED.

. The Plan also provided that the PDO would reduce the salaries of all full-time personnel by twelve percent and reduce retirement benefits to all full-time employees by three percent.

. Louisiana Revised Statutes 15:147(B)(6) provides:
In addition to the powers and duties provided for in Subsection A of this Section, the board shall:
Incur such expenses and obligations, within the fiscal limits available to the board, as are necessary to the efficient and thorough regulation and governance of the delivery of public defender services under its jurisdiction and establish and maintain an accounting system which complies with law.

. Article 5, § 10(A) of the Louisiana Constitution provides:
Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in worker’s compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.

. Louisiana Code of Civil Procedure article ■2002(A) provides:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.

. Louisiana Revised Statutes 15:147(A) provides:
Except for the inherent regulatory authority of the Louisiana Supreme Court provided for in Article V, Section 5 of the Constitution of Louisiana regarding the regulation of the practice of law, the Louisiana Public Defender Board shall have all regulatory authority, control, supervision, and jurisdiction, including auditing, and enforcement, and all power incidental or necessary to such regulatory, authority, control, supervision, and jurisdiction over all aspects of the delivery of public defender services throughout the courts of the state of Louisiana. • [Emphasis added.]

. However, we note that under the dictates of LSA-R.S. 15:149.1 “the venue for any civil proceeding by or against the board or to which the board is a party shall be East Baton Rouge Parish.”